### DUVALL v. DYCHE, Warden.

(District Court, N. D. Georgia. August 27, 1921.)

Internal revenue ⬨⟶2—Statute requiring registration of stills not repealed by National Prohibition Act.

Rev. St. § 3258 (Comp. St. § 5994), requiring the registration of stills, *held* not repealed by the National Prohibition Act.

Habeas Corpus. Application by F. H. Duvall against J. E. Dyche, Warden. Writ denied.

J. O. Ewing and Anderson, Rountree & Crenshaw, all of Atlanta, Ga., for petitioner.

John W. Henley, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

SIBLEY, District Judge. Duvall is held in the penitentiary under a sentence of one year and one day, pronounced upon a plea of guilty

to an indictment charging him, among other things, with having "unlawfully had in his possession on September 1, 1920, a still and distilling apparatus for the production of spirituous liquors set up, without having the same registered as required by law." This charge is evidently based on R. S. § 3258 (Comp. St. § 5994). Duvall's claim is that this section, together with those on which the other counts of the indictment were framed, were repealed by the National Prohibition Act (Act Oct. 28, 1919, c. 85 [41 Stat. 305]), and that consequently the record shows him guilty of no offense in law.

1. The counts, other than that quoted from above, rest upon sections of the Revised Statutes held by the Supreme Court in United States v. Yuginovich, 256 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, decided June 1, 1921, to be repealed so far as applicable to beverage liquors. The present record does not disclose that beverage liquors only were involved here. This is not a question of demurrer, but of the utter invalidity of a final judgment. These circumstances may distinguish the present case from that of Yuginovich, supra. But whether the other counts be valid or not, the sentence is authorized by that quoted if it be valid (See Claassen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966), and we pass to a consideration of that.

2. The words of National Prohibition Act, tit. 2, § 35, "All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws," recognize the rule of implied repeals, but manifest a purpose to limit it within the narrowest bounds possible. The inconsistency which will work a repeal under this provision must be equal to that necessary to work an implied repeal generally. The rule has been thus stated by the court:

"In the case of statutes alleged to be inconsistent with each other in whole or in part, the rule is well established that effect must be given to both if by any reasonable interpretation that can be done; that 'there must be a positive repugnancy between the provisions of the new laws and those of the old, and even then the old law is repealed by implication only pro tanto, to the extent of the repugnancy;' and that 'if harmony is impossible, and only in that event, the former law is repealed in part or wholly, as the case may be.' [Citing cases.] It is well settled that repeals by implication are not favored. And where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both." United States v. Lee Yen Tai, 185 U. S. 213, 221, 22 Sup. Ct. 629, 633 (46 L. Ed. 878).

R. S. § 3258, was scrutinized by Congress in enacting the National Prohibition Act, and expressly referred to in title 3, section 8, but for the purpose of making an exception to it rather than repealing it. Industrial alcohol plants were exempted from its operation, together with certain other named sections. Congress evidently considered the section not as repealed, but as applying to these plants in the absence of such an exemption. The Treasury Department had long applied the section to all stills for whatever use intended, whether to make alcohol, turpentine, gasoline, or other substances. Treas. Decisions

Nos. 193, 337, 918, 1021, 1344, 1817. Its purpose was to give the collector information of the whereabouts, surroundings and use of all stills set up, that they might be under surveillance, and also that the taxes on their manufacture and sale might be checked up. In the case of industrial alcohol plants, the tax upon the stills and upon the product is remitted by title 3, § 8, and by section 2 the plant itself is to be registered, so that section 3258 really could serve no useful purpose as to these. But the tax remains on other stills and their product, whether lawfully operated or not, and the need of surveillance is not lessened by prohibition of beverage liquors. So far from being inconsistent with the prohibition law, the section seems to be a helpful and consistent requirement, and was so considered by the legislative body.

Nor has the executive department found any repugnancy in the two laws, for during the present year the Treasury Department has twice held R. S. § 3258, to be still of force, and made rules applying it: Treas. Decs. Nos. 2993, 3068. The interpretation by this department of the laws which it is intrusted in part with the enforcement of is not without weight in judicial construction. United States v. Johnston, 124 U. S. 236, 8 Sup. Ct. 446, 31 L. Ed. 389.

The prohibitions of title 2, sections 18 and 25, which are principally relied on as inconsistent, are of "utensils * * * designed or intended for use in the unlawful manufacture of intoxicating liquor" and "property designed for the manufacture of liquor intended for use in violating this title, or which has been so used." Stills for turpentine, gasoline, commercial alcohol, or for other distilling operations which are lawful are not covered. Yet the same reasons exist for registering them as ever did. The intention with which a still is set up is hardly a practical test of whether it must be registered or not. There is no hardship, and great security, in having all registered on being set up, save those for industrial alcohol, when the plant itself is registered. R. S. § 3258, is still of force, with an exception as to stills in industrial alcohol plants ingrafted on it, which exception of course may be pleaded in a proper case. The record here shows an offense against the law, and a lawful sentence upon it. The writ of habeas corpus must be discharged.