### UNITED STATES v. ONE ESSEX TOURING AUTOMOBILE et al.

(District Court, N. D. Georgia. July 1, 1920.)

No. 782.

1. Internal revenue ⬥⟳2—Prior tax acts not repealed by Eighteenth Amendment or National Prohibition Act.

Neither National Prohibition Act, tit. 2, § 35, declaring that all provisions inconsistent are repealed only to the extent of such inconsistency, and that no one is relieved from paying any taxes or charges imposed on the manufacture or traffic, that no liquor revenue stamps for any illegal manufacture shall be issued in advance, but that the tax shall be assessed, with an additional penalty, which shall not relieve criminal responsibility, nor the Eighteenth Amendment, forbidding the manufacture, transportation, and sale of intoxicants for beverage purposes, repealed the prior revenue laws.

2. Internal revenue ⬥⟳2—Vehicle used for removal of untaxed liquors may be forfeited under Revenue Act.

Notwithstanding the Eighteenth Amendment and the provisions of National Prohibition Law, tit. 2, §§ 3, 6, 10, declaring that transportation of liquor shall be unlawful, except as provided, etc., and section 26, providing for the seizure of a vehicle used for transportation of intoxicants, etc., Rev. St. § 3450 (Comp. St. § 6352), providing for the confiscation of any vehicle used for removal of untaxed liquors, is not, in view of title 2, § 35, repealed, and, being entirely consistent with the Prohibition Act, forfeiture may be decreed thereunder for transportation of untaxed liquors, notwithstanding the party transporting was guilty also of another offense.

Libel in Rem. Proceeding by the United States against one Essex touring automobile, claimed by Carl Little and another. On demurrer to the libel. Demurrer overruled.

Hooper Alexander, U. S. Atty., and John W. Henley, Asst. U. S. Atty., both of Atlanta, Ga., for the United States.

Sloan & Sloan, of Gainesville, Ga., for claimant.

Carl N. Davie, of Greenville, Ga., for intervener.

SIBLEY, District Judge. The libel proceeds under Rev. St. § 3450 (Comp. St. § 6352), providing for the forfeiture of vehicles used for the removal, deposit, or concealment of any article on which a tax is due and unpaid, with intent to defraud the United States of the tax, and alleges that on April 20, 1920, the automobile libeled was used for the removal of 80 gallons of intoxicating distilled spirits with the intent aforesaid. Little claims general title to the car, and Barrett claims a lien thereon by retention of title. By demurrer the libel is sought to be dismissed on the ground that the remedy under Rev. St.

§ 3450, is inconsistent with the Eighteenth Amendment of the Constitution, and with section 26 of title 2 of the National Prohibition Act (41 Stat. 315).

It is argued that prohibition is inconsistent with taxation of intoxicating liquors; that the Prohibition Act deals exhaustively with such liquors, and that the remedy by forfeiture provided in section 26 supersedes the remedy under the revenue law.

[1] 1. Section 35 of title 2 of the Prohibition Act is:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws."

This section expressly continued the revenue laws in force and is not contrary to the Eighteenth Amendment. That amendment does not prohibit the manufacture, transportation, and sale of intoxicating liquors for any purpose whatever, but only for beverage purposes. Such liquors may still be made, carried about, and sold for medicinal, sacramental, scientific, and some commercial purposes. The restraints applicable to liquors for such uses do not arise from the amendment, but are justified as reasonable safeguards to prevent the abuse of liberty as to them, and to attain enforcement of the prohibition for beverage purposes. Evidently there is much field left by the amendment for the operation of the revenue laws, which are preserved by section 35. Since that section expressly provides that taxation of illegal acts shall not be had in advance, and that the exaction of the tax afterwards shall not legalize them, there is no contravention, even in spirit, of the prohibitory amendment. The tax operates only as an additional penalty, and tends rather to the enforcement than the defeat of the prohibition scheme.

[2] 2. It follows, then, that distilled liquors whether produced under permit for lawful purposes or in violation of law, are still "a commodity in respect whereof a tax is imposed," in the languge of Rev. St. § 3450, and its provisions are applicable to a case within them, unless defeated by inconsistent provisions of the Prohibition Act. The suggestion that repeal was intended because the whole subject of intoxicating liquors was covered is answered by the express language to the contrary in section 35. Section 26 is not only reconcilable with Rev. St. § 3450, but applies to a substantially different subject-matter. Its material provisions are:

"When the commissioner, his assistants, * * * or any officer of the law shall discover any person in the act of transporting in violation of the

law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale," etc.

In terms it applies only when "a person is discovered in the act of transporting in violation of law." The officer must "at once proceed against the person arrested under the provisions of this title," and "the court upon conviction of the person" orders a sale. This section seems to apply only when a person is caught and can be prosecuted. The provision at the end of it as to no claimant appearing is not to the contrary, for the person transporting or possessing the liquor and the claimant of the vehicle need not be the same person. And again only unlawful transportation or possession is the occasion of the forfeiture. Since the person is to be "prosecuted under the provisions of this title," it is apparent that transportation or possession in violation of this title is the unlawful transportation and possession meant. By title 2, § 3, transportation and possession are made unlawful, except as authorized in the act. By section 6 transportation without a permit, and by section 10 transportation without making the prescribed records, is condemned. By section 33 possession after February 1, 1920, is prima facie unlawful. But none of these unlawful acts have any reference to the nonpayment of taxes and may occur equally of taxed or untaxed liquor. Rev. St. § 3450 deals only with untaxed liquor, and may extend to cases of deposit and concealment, as well as transportation, and to cases where no person can be connected with the transportation or deposit so as to be prosecuted. The forfeiture arises from no illegality under the Prohibition Act, but wholly under the revenue law. The causes of action are unlike and independent of each other. It is true that an automobile transporting untaxed intoxicating liquors without permit may transgress both statutes at the same time, but that results only in giving the United States an election as to which cause of forfeiture it will pursue. Rev. St. § 3450 still has its place in the law, and the remedy under it may be sustained in this case, if the facts alleged are proven.

The demurrer is overruled.