UNITED STATES v. ONE HAYNES AUTOMOBILE and eight other automobiles. THE VOYAGER I. THE NO. V 69.

(District Court, S. D. Florida. December 8, 1920.)

Nos. 1135, 1136, 1148, 1149, 1151, 1157, 1158, 1162, 1167, 1176, and 1177.

Internal revenue ☞2—Intoxicating liquors ☞245—Statutes ☞165—Volstead Act repealed prior statute for forfeiture of vehicles used for illegal transportation.

Volstead Act, tit. 2, § 26, providing for condemnation of vehicles used for transporting liquor illegally subject, however, to claims and liens of innocent parties, was apparently intended to cover the subject, and was less severe than Rev. St. § 3450 (Comp. St. § 6352), for forfeiture of vehicles used for transporting untax-paid spirits, under which the rights of innocent owners or lienholders were forfeited, and therefore the Volstead Act repealed Rev. St. § 3450, so far as it applied to distilled spirits, notwithstanding section 35, tit. 2, of the Volstead Act, providing that inconsistent laws were repealed only to the extent of the inconsistency, and that regulations therein should be additional to the existing laws.

Forfeiture Libels. Eleven separate libels by the United States for the condemnation of one Haynes automobile, of one Buick automobile, of one Cadillac automobile, of one Kissel touring automobile, of one Reo automobile, of the gas screw vessel Voyager I, of one Hudson Super-Six automobile, of one Dodge automobile, of one Roamer automobile, of one G. M. C. truck, and of one seagoing yacht, No.

V 69, each of which had been used for the transportation of liquors. Libels dismissed.

Miles W. Lewis and William A. Hallowes, Jr., both of Jacksonville, Fla., and R. B. Gautier and Bart A. Riley, both of Miami, Fla., for respondents.

CALL, District Judge. Each of the above cases is brought to forfeit the vessel or automobile, as the case may be, charging a violation of section 3450 of the Revised Statutes (Comp. St. § 6352). The sufficiency of the libel in each case is challenged on the ground that, so far as distilled spirits is concerned, that section has been repealed by the Volstead Act, passed October 28, 1919 (41 Stat. 305, c. 85), pursuant to the Eighteenth Amendment to the Constitution. Each violation is charged to have occurred since the 17th of January, 1919. The libels in each case charge that the vessel or automobile, as the case may be, was being used in the removal, deposit, and concealment of untax-paid distilled spirits to a place other than one authorized by law, with intent to defraud the United States of the taxes thereon.

The courts by whom the question has been decided are not in unison. Some District Courts have held the sections of the Revised Statutes relating to the collection of the revenues of the government formerly derived from the taxes on distilled spirits still in force; others have held them repealed by the Eighteenth Amendment and the Volstead Act.

Unquestionably there has been a complete change of the policy of this government on the question of distillation of spirits since the adoption of the Eighteenth Amendment. Prior to the adoption of the amendment, the policy of the government was to raise a considerable portion of its revenues from taxes levied upon the distillation and sale of spirituous liquors. Now the policy is to prohibit such distillation and sale for beverage purposes. Section 3450 of the Revised Statutes and many other sections were adopted to aid in the collection of such taxes. The Volstead Act was adopted for the purpose of carrying out the policy outlined by the amendment, and apparently provides for every contingency.

Ordinarily, under the well-known canons of statutory construction, the last act would repeal the former acts bearing upon the same subject-matter. The courts upholding the nonrepeal of the sections passed for the purpose of aiding in the collection of the revenues seem to base such holding upon section 35, tit. 2, of the Volstead Act. That section reads as follows:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency, and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers."

Title 3 of the Volstead Act provides a complete system of law, providing for the distillation of industrial alcohol, its disposition, etc.

Registration, etc., of the plants must be with the Commissioner of Internal Revenue. Section 3, tit. 2, of the Volstead Act provides that no person shall, on or after the date when the Eighteenth Amendment goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish, or possess any intoxicating liquor, except as authorized in this act. The section then provides for sale, etc., of liquor and wine for nonbeverage purposes under permits issued by the Commissioner.

Section 6, tit. 2, provides that no one shall manufacture, sell, purchase, transport, or prescribe any liquor without a permit from the Commissioner. The exceptions are not important to notice in this connection. The following sections provide regulations to control the manufacture and disposition of liquor allowed by the act, and for restraining violations, until section 26, tit. 2, is reached. That section provides:

"When the Commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the leinor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property. If, however, no one shall be found claiming the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken, or if there be no newspaper in such city or county, in a newspaper having circulation in the county, once a week for two weeks and by hand bills posted in three public places near the place of seizure, and if no claimant shall appear within ten days after the last publication of the advertisement, the property shall be sold and the proceeds after deducting the expenses and costs shall be paid into the treasury of the United States as miscellaneous receipts."

Section 26, above quoted, seems to cover every illegal transportation of liquor and provides the proceeding for the forfeiture of the vehicle in which such illegal transportation is accomplished. The construction placed by the courts upon section 3450 of the Revised Stat-

utes is that it is immaterial that the owner of the vehicle did not participate in the illegal transportation, secretion, etc. If he had consented to the use of the vehicle by the party violating the law, his vehicle was forfeited, no matter how innocent the purpose for which consent was given; and the legislators must be presumed to have known of this construction when they adopted the section 26 above. Surely it cannot be said that Congress intended by section 35 to continue in force section 3450 of the Revised Statutes with the construction theretofore placed thereon. The inconsistency between the sections, so far as intoxicating liquors is concerned, seems patent. It seems to me that section 3450 is repealed under another principle, also, in that the proceeding for forfeiture provided in the latter act is much less stringent than that provided by section 3450 as construed by the courts.

I have had access to the opinions of Judge Sibley, in U. S. v. One Essex Touring Automobile, 266 Fed. 138 (Northern District of Georgia), of Judge Bourquin, in U. S. v. Sohm et al., 265 Fed. 910 (District of Montana), and of Judge McDowell, in U. S. v. Turner, 266 Fed. 248 (District of West Virginia), all of whom hold that the Volstead Act did not repeal the prior existing revenue laws. I have also had the benefit of Judge Bean's opinion in U. S. v. Yuginni et al., 266 Fed. 746 (District of Oregon), of Judge Smith's in U. S. v. Windham, 264 Fed. 376 (Eastern District of South Carolina), and the opinion of Judge Knapp in Bruce Reed v. J. William Thurmond, United States Attorney for the Western District of South Carolina, 269 Fed. 252 (Fourth Circuit Court of Appeals, decided November 4, 1920), holding the contrary view. The libels in these cases do not allege facts sufficient to sustain them against demurrer or exception as stating a case for forfeiture under the Volstead Act.

There are other grounds of attack in the demurrers and exceptions to the various libels, but I have passed them in order to reach the vital question involved. Other grounds of attack, if well founded, might have been cured by amendment.

An order will be entered in each case, sustaining the objections and dismissing the libels.