## UNITED STATES v. ONE COLE AERO EIGHT AUTOMOBILE et al.

### (District Court, D. Montana. June 28, 1921.)

### No. 882.

Internal revenue ⊜2—Provisions of internal revenue laws not repealed by National Prohibition Act.

    Rev. St. § 3450 (Comp. St. § 6352), providing for the forfeiture of vehicles used for removing or concealing articles subject to internal revenue tax with intent to defraud the United States of such tax is not inconsistent with the provisions of National Prohibition Act, tit. 2, § 26, for forfeiture of vehicles seized when in use for the illegal transportation of liquor, and under title 2, § 35, of the act, is not repealed thereby.

⊜⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Libel by the United States against one Cole Aero Eight Automobile and others. On demurrer to libel. Overruled.

John L. Slattery, U. S. Atty., of Helena, Mont.

Fletcher Maddox and I. W. Church, both of Great Falls, Mont., for libelees.

BOURQUIN, District Judge. Defendants' demurrer to this libel to forfeit the auto, for that it was used to remove whisky with intent to defraud plaintiff of the tax thereon, involves one aspect of the controversy that divides the courts in respect to the extent that the old revenue laws are repealed by the Eighteenth Amendment and the Volstead Act. 41 Stat. 305. That the repeal extends to all of the old laws that apply solely to liquors for beverage purposes, save to the extent taxing features are preserved by title 2, § 35, of the act, seems clear from the nature of things. That it also extends to all that are inconsistent, in the usual acceptance of the term, with amendment and act, is clear from the express declaration of said section 35. The conflict arises from differences of opinion in respect to what of the old revenue laws are inconsistent with the act. Section 35 expressly declares:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency, and the regulations herein provided * * * shall be construed as in addition to existing laws, * * * nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws."

This express declaration is so far of the nature of express repeals that in the face of it the rules of implied repeal—new revision, complete system, change in policy, only rule, etc.—have no application. See Suth. Stats. § 147; 36 Cyc. 1081, and cases cited. Congress plainly says that only inconsistent features of the old laws are repealed, and that all other features are unimpaired; that the only rule of implied repeal that shall apply is that of inconsistency. Despite it, some courts incline to go beyond the legislative declaration, and appeal to all rules of implied repeal, including a new definition of inconsistency in purpose. And they overlook the rules that negative implied repeal—legislative language, variance in subject and object, consistency between the old laws and the new, inconclusiveness of partial repugnancy in spirit, different elements in offenses, cumulation, special or particular and general laws.

As always, legislative intent is to be found in legislative language, and rules are resorted to only when the language otherwise fails to disclose the intent. In respect to R. S. § 3450 (Comp. St. § 6352), by virtue of which this libel is prosecuted, U. S. v. One Haynes Auto .(D. C.) 268 Fed. 1003, holds it is repealed by the act, and U. S. v. One Essex Auto (D. C.) 266 Fed. 138, holds it is not. The learned judge in the latter case, whose views and reasoning commend themselves to the writer, leaves little to be added to demonstrate that in the usual acceptation there is no inconsistency between section 3450 and the act.

The latter is general, and creates the offense of unlawful transportation, composed of various elements and committed by various acts,

the purpose of which is to conserve public health and morals, and to that end to keep watch and ward over all movement of liquors from start to finish. Sections 6, 10, 15, tit. 2. The former is particular, and creates the offense of defrauding the United States of taxes by not only removal, but also by deposit or concealment of liquors with intent to so defraud, of elements and acts different from those of the act, the purpose of which is to conserve revenue, with some supervision to that end.

Section 26 applies only to conveyances taken in the act of unlawful transportation; section 3450, to those used not only to remove, but also to those used to deposit or conceal, whether by transportation or otherwise, whether or not taken in the act. With these distinctions in mind, and that the offenses created by the act do not include the offense of section 3450, that either is capable of commission while the law in respect to the other is strictly pursued, that transportation of the act is not synonymous with removal, deposit, or concealment of section 3450, that there is no inconsistency between them, and keeping in view the language and intent of section 35, it is believed section 26 applies only to the offense of unlawful transportation by the act created. Hence section 26 does not repeal section 3450, no more than did a previous general statute (R. S. § 3296 [Comp. St. § 6038]), which was also enacted subsequent to section 3450 and is also broad enough to include the latter's elements, and the conclusion is that section 3450 is "existing law" within the language and intent of section 35 of the act.

It is at least interesting to note that section 26 applies to conveyances taken in the act of transportation only. If this includes removal, prescribed by section 3450, it leaves removal not taken in the act, and deposit and concealment in or by an auto, in violation of section 3450, either to the application of the latter section or nothing. For clearly enough section 26 has no application to these latter offenses or contingencies.

Yuginovich's Case, 255 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, is not like this at bar. It proceeds upon a peculiar construction of an indictment, and determines that, for the offense charged of manufacture of liquor for beverage purposes, the tax features of the old revenue laws in part apply, but the penalties of only the act. It further determines, however, that, whatever the purpose of the liquor, plaintiff is entitled to taxes, and so is capable of being defrauded of them by removal in violation of section 3450.

The demurrer is overruled.