## THE TUSCAN.

(District Court, S. D. Alabama. October 10, 1921.)

Internal revenue ⊙�ube2—Rev. St. § 3450, not repealed by Prohibition Act.

National Prohibition Act, tit. 2, § 35, which expressly provides that the act shall not relieve any one from payment of taxes or other charges imposed on the manufacture or traffic in liquor, *held* not to repeal Rev. St. § 3450 (Comp. St. § 6352), which provides for the forfeiture of any vessel, boat, or vehicle used to remove or conceal liquor with intent to defraud the United States of the tax thereon.

In Admiralty. Suit by the United States against the steamship Tuscan. On exceptions to libel. Overruled.

Alec. D. Pitts, Dist. Atty., of Selma, Ala., and James O. Middleton, Asst. Dist. Atty., of Mobile, Ala., for libelant.

Rich & Hamilton, of Mobile, Ala., for claimant.

ERVIN, District Judge. This is a libel filed by the government seeking to condemn the steamship Tuscan and have her forfeited under the provisions of section 3450 of the Revised Statutes (Comp. St. § 6352) ; the charge being made that certain liquors were being conveyed, transported, and concealed on said steamer with intent to defraud the United States of a tax imposed upon such liquor.

Objection is made that section 3450 is repealed by the National Prohibition Act (41 Stat. 305).

I am cited to the case of United States v. One Haynes Automobile (D. C.) 268 Fed. 1003, in which it is so held.

I am forced to dissent from the conclusion reached by the judge in that case for the following reasons:

The section in question applies only to the cases where the removal and concealment of the goods and commodities were "with intent to defraud the United States of such taxes." I find no provision in the National Prohibition Act which seeks to penalize any act done by any one in the effort to defraud the United States of the tax it claims upon liquor whether it has been illegally manufactured or not.

The question seems to me to be determined by whether the tax which formerly was imposed by the government upon the legal manufacture of liquor is still maintained under the provisions of the National Prohibition Act, though the said act prohibits the manufacture of liquor for beverage purposes.

The act unquestionably prohibits and penalizes the distillation of liquor for beverage purposes.

Section 35 of said act reads as follows:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. *This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor.* No liquor revenue stamps or tax receipts for any illegal manufacture

or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers."

It will be noticed that in copying, on page 1004 of 268 Fed., this section, Judge Call omitted the sentence which I have italicized.

Notice the language of this sentence, "This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture," etc. It does not say shall relieve any one from the paying of taxes imposed by this act, but any taxes or other charges imposed upon the manufacture or traffic of such liquor.

Now as the National Prohibition Act fails to levy any tax for the manufacture or sale of liquor, this necessarily refers to the taxes already levied by existing laws, and that this is so is clearly shown by the following portions of this section where it is provided that, though revenue stamps shall not be issued, upon evidence of illegal manufacture or sale a tax shall be levied against the person responsible for such illegal manufacture or sale in double the amount now provided by law with an additional penalty.

There can therefore be no question that the expressed intent of the National Prohibition Act does maintain in force such taxes as might have already been assessed upon the manufacture or sale of liquor, even though such manufacture or sale since the passage of the act was made illegal.

Now if the act preserves these taxes and there is no provision contained in the National Prohibition Act penalizing the effort to defraud the government out of such taxes, then how is section 3450 inconsistent with any provision contained in the National Prohibition Act?

Instead of being inconsistent, it is a necessary complement of the National Prohibition Act to secure the collection by the government of the tax levied and to provide a penalty against the effort to defraud the government of this tax.

Not only is it not inconsistent with any provisions of the act, but it is not inconsistent with the policy and purpose of the act.

It is true that the act contains provisions penalizing the transportation of liquor as a beverage in violation of the law, but this provision has nothing to do with the question where transportation or concealment of the liquor is with the intent to deprive the government of the tax on such liquors.

It has been held that the same act may be a violation of more than one statute. Gilbert v. Minnesota, 254 U. S. 325, 41 Sup. Ct. 125, 65 L. Ed. —— ; Houston v. Moore, 5 Wheat. 33, 5 L. Ed. 19; U. S. v. Holt (D. C.) 270 Fed. 639.

It is true that these two cases were discussing the proposition that the same act might violate the statutes of the state and also the statutes of the federal government, but, if this is true, it is also true that the same act might violate different statutes either of the state or of the federal government. In the instant case the one statute, section 3450, makes punishable an act which is done with the certain intent, while

the National Prohibition Act punishes the same act when done with a different intent.

If therefore there is a statute declaring that the doing of an act with the certain intent shall be punishable thereunder and thereafter there is another statute passed which declares that the doing of the same act for another purpose shall be punishable thereunder, it is clear, I think, these two statutes are not inconsistent one with another, and it does not follow that the passage of the last act repeals the first. The violation of the one is not the same offense as the violation of the other. The same evidence would not convict under each statute.

I therefore reach the conclusion that as the tax on the liquor is not abolished, but still is imposed, even though the liquor be illegally manufactured, and there is nothing in section 3450 which is inconsistent with the provisions of the National Prohibition Act, such section is not abolished by the act, but still remains in force.