### REO ATLANTA CO. v. STERN.

(District Court, N. D. Georgia. January 16, 1922.)

1. Internal revenue ☞2—Prohibition Act cannot impliedly repeal revenue forfeiture section except as to intoxicating liquors.

Since Rev. St. § 3450 (Comp. St. § 6352), providing for forfeiture of a vehicle used in the removal, deposit, and concealment of property on which the revenue tax had not been paid, covered the whole field of articles taxed by the United States, the Volstead Act could not impliedly repeal it as a whole.

2. Statutes ☞159—Repeal implied only if it is impossible to execute both laws.

Before an implied repeal exists, it must be impossible to execute both laws.

3. Internal revenue ☞2—Prohibition Act did not repeal act forfeiting vehicles used in concealing liquor to evade tax payment.

Since Volstead Act, § 26, providing for forfeiture of vehicles used in transporting liquor, relates only to transportation in violation of that act, under which liquors may be taxed and may be lawfully transported by one having a permit, it did not impliedly repeal Rev. St. § 3450 (Comp. St. § 6352), providing for forfeiture of a vehicle used in transporting, concealing, or depositing liquors on which the tax had not been paid, at least in so far as the latter section related to the concealing and depositing of such liquors.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Internal revenue ⊗═46—Judgment forfeiting under revenue law for transporting, depositing, and concealing is valid.**

A judgment forfeiting an automobile under Rev. St. § 3450 (Comp. St. § 6352), which recited that the automobile was used in transporting, concealing, and depositing liquors on which the tax had not been paid, was valid, in view of the presumption in favor of judgments, even though the portion of that section authorizing forfeiture for transporting liquors was impliedly repealed by the Volstead Act.

**5. Intoxicating liquors ⊗═252—Judgment of forfeiture held not sustainable under prohibition law.**

A judgment forfeiting an automobile for transportation of intoxicating liquors therein cannot be sustained, under Volstead Act, § 26, authorizing such forfeiture after the persons in charge thereof had been prosecuted and convicted under that act, where the record does not show that known persons who were in charge thereof were violating the act, or that they had been prosecuted and convicted.

At Law. Action by the Reo Atlanta Company against Joseph Stern to recover an automobile. Verdict directed for defendant.

Underwood & Pomeroy and W. P. Coles, all of Atlanta, Ga., for claimant.

Max Harris Wilensky, of Philadelphia, Pa., and Atlanta, Ga., and John W. Henley, of Atlanta, Ga., for defendant.

SIBLEY, District Judge. Since January, 1920, an automobile, title to which had been retained by Reo Atlanta Company by a recorded instrument, was seized in the hands of the purchasers and libeled for condemnation; the libel stating that the car had been used by named persons in the removal, deposit, and concealment of distilled spirits on which the tax was due and unpaid, with the purpose of defrauding the government of the tax. After due procedure, judgment of condemnation was rendered by default, the car advertised for sale, and bought by the defendant Stern. Thereafter the persons alleged in the libel to have so used the car were convicted in this court under the Volstead Act. The Reo Atlanta Company sues for the car as its property.

The case turns on the validity of the title acquired at the marshal's sale. This is claimed to be void, because the judgment forfeiting the car was void, on the ground that on the face of the record it is disclosed that no legal ground of forfeiture existed, and that no conviction of the persons using the car had been had prior to the forfeiture. The contention is that section 26 of the Volstead Act (41 Stat. 315) displaces all remedy by forfeiture under section 3450 (Comp. St. § 6352), because covering the same ground and prescribing an inconsistent remedy.

[1] Section 3450 cannot be repealed by the Volstead Act, because it covered the whole field of articles taxed by the United States. Its application to intoxicating liquors alone can be affected by the Volstead Act. The Volstead Act, while retaining the tax upon liquors (and taxes have been imposed on them since the passage of the act), also undertakes to prescribe that they shall be transported only as per-

mitted in that act. It does not undertake to prescribe or deal with in any way the deposit or concealment of such liquors which may have a tax upon them which has not been paid.

Section 26, following the act in this respect, undertakes to afford a remedy only in cases where "the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors." It will·be seen that transportation alone is dealt with. It will also be seen that the case of an officer discovering persons in the act of transporting is dealt with, and the procedure prescribed is, that that person must be arrested, must be prosecuted under the provisions of the Volstead Act, and must be convicted. In the meanwhile the car may be delivered to the owner, upon bond, until the trial of the person arrested. If the person is convicted, and only then, may the court destroy the liquor and order the sale of the vehicle, hearing any claimant or lienor as to his ·rights therein. The last sentence of section 26 provides for a case in which no claim is filed, but does not seem to intend to authorize a sale under other circumstances than above set out, but only to dispense with the personal notice required by the .Volstead Act in another section, when no person is known as owner, to whom notice can be given.

[2, 3] I cannot see that this remedy totally excludes any remedy under section 3450 with respect to intoxicating liquors. Under the rule of implied repeals it must be impossible to execute both laws before such repeal exists. It is quite evident to my mind that the two laws do not cover the same subject-matter—one dealing with liquors transported without a permit, regardless of their ·status as to tax; the other dealing with their removal, deposit, or concealment before the payment of the taxes due, regardless of permits to engage in transportation. The conviction which is precedent to forfeiture under section 26 of the Volstead Act is to be under the provisions of the Volstead Act itself, and consequently cannot relate to any violation of the revenue laws.

The entire remedy of section 26 evidently. applies only to a forfeiture for violation of the Volstead Act; that is to say, for the transportation without a permit, contrary to the terms of that act, regardless of whether taxes have or have not been paid. Some intoxicating liquors are not taxed at all, but a permit is required nevertheless. Distilled liquors are taxed and under section 3450 cannot be removed, deposited, or concealed with fraudulent intent without the payment of the taxes, no matter what permits a man may have for transportation. Moreover, if removal without payment of taxes is to be considered the equivalent of transportation, and that section 26 covers all cases of illegal removal and transportation, it fails to cover cases of deposit and concealment before taxes are paid. It therefore fails utterly to cover a part of the ground that is covered by section 3450, and unless it be held that it is no longer a crime to deposit and conceal articles on which a tax is due, without paying the tax and with fraudulent intent, it follows that there is no remedy and no forfeiture for so doing. No such stretch of the doctrine of implied repeal can be authorized, I think, by any respectable authority, and I conclude that as to such deposit

and concealment, at least, the remedy under section 3450 is still available, whatever may be true of transportation.

[4] My views on this entire subject have been stated at length in United States v. One Essex Touring Automobile (D. C.) 266 Fed. 138, Duval v. Dyche, Warden (D. C.) 275 Fed. 440, and United States v. One Essex Touring Automobile, 276 Fed. 28. It is said, however, that these views are controlled by the case of United States v. One Haynes Automobile (C. C. A.) 274 Fed. 926, and I should so consider, except for the fact that I understand the entire matter is again under review by the Circuit Court of Appeals, and for the further fact that that case was only deciding the sufficiency of the pleadings before judgment, where the presumptions were against the pleader, and this is one deciding the validity of a judgment, where all presumptions are in favor of the judgment. If either the transportation, the deposit, or the concealment of distilled spirits on which a tax was due and unpaid, with fraudulent intent, as stated, constituted a ground of forfeiture, then this judgment must be upheld, because the record asserts all three.

Being unconvinced, as stated, that no remedy whatever exists under section 3450 for any of these matters, I feel that the presumption in favor of the validity of the judgment should prevail, notwithstanding that remedy may not be available for the unlawful transportation. The reasoning of the Circuit Court of Appeals seems to have gone no further than a case of transportation.

[5] It has been urged that section 26 of the Volstead Act might support this judgment, but I think not. The record discloses that known persons were in charge of the vehicle, and that they were arrested and might have been convicted. The record does not allege that they were violating the Volstead Act, or that they had been prosecuted and convicted under that act, as required by section 26. I think, therefore, that, if section 26 is now the only law on the subject, the judgment would be invalid, and all other similarly rendered.

Upon the whole, concluding that the validity of the judgment is not entirely overthrown, I direct a verdict in favor of the defendant.