### PAYNE v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 15, 1922.)

No. 3624.

Internal revenue ⬅︎46—Automobile used in removal of liquor to defraud the government of tax held subject to forfeiture.

Rev. St. § 3450 (Comp. St. § 6352), providing, inter alia, for the forfeiture of any conveyance used for the removal of goods or commodities subject to tax, with intent to defraud the United States of such tax, *held* in force with respect to an automobile seized thereunder while being used in the removal of distilled spirits a few days after the National Prohibition Act went into effect; it not appearing that such spirits were not manufactured and subject to tax before that date.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by the United States against one Buick automobile; P. Eugene Payne, claimant. Judgment of forfeiture, and claimant brings error. Affirmed.

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William T. Gary and Louis Koplin, both of Atlanta, Ga., for plaintiff in error.

John W. Henley, Asst. U. S. Atty., of Atlanta, Ga.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. In this case an automobile was seized by the United States marshal on proceedings alleging that, on January 23, 1920, it was being used to remove, for deposit and concealment, 35 gallons of distilled spirits, with intent to defraud the United States of the tax which had been imposed thereon and which had not been paid. The warrant for seizure was issued under Revised Statutes, § 3450 (Comp. St. § 6352), which forfeits any conveyance used in the removal, or for the deposit or concealment, of any goods or commodities in respect whereof any tax is imposed with intent to defraud the United States of such tax or any part thereof. The automobile was claimed by the plaintiff in error.

The only ground on which he resists the forfeiture is that section 3450 of the Revised Statutes was repealed by the National Prohibition Act of October 28, 1919 (41 Stat. 305). If section 3450 of the Revised Statutes remains of force, an automobile used to defeat the United States in the collection of taxes imposed on distilled spirits is forfeited, no matter by whom owned or how innocent such owner may be. Goldsmith-Grant Co. v. United States, 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376.

The transportation for which the car was used occurred on January 23, 1920, only a few days after the National Prohibition Act took effect. The prior acts of Congress, including the act approved February 24, 1919 (40 Stat. 1105), imposed taxes on distilled spirits. There is nothing in this record to indicate that the spirits being removed were not in existence, and that taxes were not due thereon, at the time the National Prohibition Act went into operation, or that they were not manufactured in an industrial plant and taxable under title 3 of the act.

Section 3450 of the Revised Statutes is general in its operation. It prohibits and punishes the fraudulent removal, or deposit or concealment in any place, not only of liquor, but of any goods or commodities upon which taxes have been imposed by the internal revenue laws. It is not repealed, but is superseded only where the facts of a particular case show that the matters which are charged to violate it arise solely under the National Prohibition Act, as was the case in United States v. One Haynes Automobile (C. C. A.) 274 Fed. 926. In all other respects this section of the Revised Statutes remains unaffected. United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043.

The judgment is affirmed.