### UNITED STATES v. ONE BUICK ROADSTER et al.

(District Court, D. Montana. April 28, 1922.)

### No. 972.

1. **Customs duties ⬸122—Transportation without permit of bottled export whisky held to authorize finding import and other taxes were due thereon.**

    The finding in an automobile in this country of bottled "export" American whisky from Canada in transportation without a permit will be taken as sufficient to prove a charge it was being transported with intent to defraud the United States of import and other taxes due thereon.

2. **Internal revenue ⬸2—Statute forfeiting vehicle used for transportation of whisky with intent to avoid taxes is not repealed.**

    Rev. St. § 3450 (Comp. St. § 6352), providing for the forfeiture of vehicles used in the transportation of whisky with intent to defraud the

---

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

United States of taxes due thereon, was not repealed by the National Prohibition Act, especially in view of Act Nov. 23, 1921, § 5, declaring all laws in regard to the manufacture and taxation of, and traffic in, intoxicating liquors in force when the National Prohibition Act was adopted, are continued in force.

3. **Internal revenue ☞46—Automobile taken by trespass or theft is not forfeited for transportation of import whisky without payment of tax.**

Though the terms of Rev. St. § 3450 (Comp. St. § 6352), are sufficiently broad to authorize forfeiture of an automobile in which whisky was being transported with intent to defraud the United States of import and other taxes thereon, even if. the automobile had been taken from the owner by trespass or theft, such a forfeiture is not within the purpose of the act, and an intention to make an exception will be implied.

4. **Constitutional law ☞303—Internal revenue ☞2—Forfeiture of automobile taken by trespass or theft would violate due process of law.**

The construction of Rev. St. § 3450 (Comp. St. § 6352), as authorizing a forfeiture of an automobile in which whisky was transported, with intent to defraud the United States of import and other taxes due thereon, though possession of the automobile was obtained without the owner's consent by trespass or theft; would deprive the owner of his property without due process of law, and such construction will therefore not be adopted.

Libel by the United States to forfeit one Buick roadster, tools, and accessories, and whisky therein, found in possession of R. A. Nulph and another, and claimed by the Kennedy Motor Company. Libel dismissed, with respect to the automobile, tools, and accessories, and sustained with respect to the whisky.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont., for the United States.

Murphy & Whitlock and J. H. Toole, all of Missoula, Mont., for libelees.

BOURQUIN, District Judge. Invoking section 3450, R. S. (Comp. St. § 6352), these proceedings to forfeit an auto and whisky, for that the former was used to remove and conceal the latter with intent to defraud the plaintiff of taxes thereon, are brought against the auto and whisky, and also against the motor company as claimant of some interest therein. The latter alone answers that it denies the use and intent aforesaid, that said section is repealed by the Volstead Act (41 Stat. 305), and that any said use was without its privity or consent.

[1] The evidence is that the auto was used to transport bottled "export" American whisky from Canada, and the circumstances persuade that upon the whisky are import and other taxes due and unpaid. For the purposes of this case and in its circumstances, the very existence of this bottled "export" whisky in this country, and in transportation without permit, will be taken as sufficient to prove the charge as laid; and it is so found.

[2] That section 3450, R. S., is not repealed by the Volstead Act, is settled so far as this court is concerned by U. S. v. One Cole Auto (D. C.) 273 Fed. 934, and any contention to the contrary has little to support it, since Act Nov. 23, 1921 (42 Stat. 223, § 5).

In the matter of the unlawful use of the auto, it was by one Nulph,

to whom the motor company had sold it. The price is some $1,800; the terms, $800 before delivery of possession and the balance before passage of title. Upon sale made, and in eight days following, Nulph paid the motor company $573. The motor company, withholding possession for the balance due as aforesaid, with a bailee deposited the car for some minor alteration.

Some five weeks subsequent to the sale, the balance due not having been paid, and the bailee yet having possession, Nulph, without knowledge or consent of either motor company or bailee, secretly entered the latter's premises, took the auto, and it was in removal and concealment of the whisky by him when seized a few days later. The circumstances are corroborative of this evidence, and the preponderance sustains the defense of unlawful user by a trespasser. Goldsmith v. U. S., 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376, is an elaborate discussion of section 3450 and forfeitures, but reserves "opinion as to whether the section can be extended to property stolen from the owner, or otherwise taken from him without his privity or consent."

[3] Necessarily to be determined herein, it is believed the section does not include a thing seized and used by a trespasser or thief, and that the defense is good in law. Section 3450 is a revenue statute, and must receive, not a strict, but a reasonable, construction. Its words taken literally include the thing used by trespasser or thief, but so futile is this to serve the object of protection to revenue, so unreasonable, absurd, and unjust are the consequences that, as its generality permits, it must be presumed Congress intended exceptions to avoid such consequences—a rule of construction as old as reason. See citations in U. S. v. Ernest, 280 Fed. 515.

If the personal penalties by the law visited upon trespasser, thief, and violator of section 3450 will not deter him and protect the revenue, forfeiture of the thing of the trespass, theft, and violation will not accomplish it. The latter is not borne by the guilty person, but falls upon the innocent. It is of government's first duties to protect the individual from the trespasser and the thief. When it fails therein, what principle of conduct, custom, law, or justice will permit it to aggravate its fault and magnify his loss by forfeiture of his property, the thing of the trespass or theft? A case of misuse by a bailee affords no analogy. The bailee has possession with the owner's consent, the trespasser or thief without it, each the antipodes of the other. The owner takes the hazard of his voluntary act, and responds over for his bailee's misuse of the thing.

It is not the owner's act that the thing is taken and misused by trespasser or thief. He cannot effectually guard against the latter, but he can against the former. Forfeiture in the former is not an unreasonable penalty for the owner's action which contributed to it, but in the latter is an unreasonable imposition upon mere inaction, devoid of duty, and upon ownership. It is not status but conduct, that is prescribed, proscribed, and penalized by law.

[4] The fiction that the thing is guilty is but a convenience of procedure, to visit justice by way of forfeiture upon those, perhaps unknown, whose conduct contributed to the thing's unlawful use. Other-

wise, outlawry, the superstitions of deodand and trial and punishment of inanimate things, have disappeared, and it is doubtful if any modern law purports to confiscate lawful property because unlawfully used by trespasser or thief. If section 3450 does, how can it be maintained in view of the due process clause of the Constitution? What is it but a mere arbitrary act of government in violation of that fundamental right to own property, for the security of which society is organized and government maintained? What immemorial practice of government justifies this legislative power? Wherein are public welfare, and rights common to all, served by this invasion of individual right of property? What principle of justice permits it? To support the proponent no answer comes to mind, and until successfully answered it must be held that the literal import aforesaid of section 3450 contravenes the due process clause, to avoid which, its general terms permitting, again it will be presumed that Congress intended exceptions of trespasser and thief.

The libel in respect to the auto and accessories is dismissed, but a certificate of reasonable cause for its seizure will be entered. In respect to the whisky, the usual decree for its forfeiture, confiscation, and sale is ordered entered.