UNITED STATES v. ONE FORD AUTOMO-
BILE.

SAME v. ONE FORD TOURING AUTOMO-
BILE.

(District Court, W. D. Tennessee, W. D. July,
1924.)

Nos. 2731, 2732.

1. Statutes ⊜⇒205—Legislative intent ascer-
tained from entire act.

In construing a statute, the primary object
is to determine legislative intent from act as a
whole.

2. Statutes ⊜⇒174, 175—Not construed to be
meaningless if possibly avoidable.

Courts will give meaning to statute where
consistently possible, rather than hold it mean-
ingless.

3. Internal revenue ⊜⇒46—Forfeiture of au-
tomobile authorized for removal or conceal-
ment of intoxicating liquors on which tax not
paid.

Rev. St. § 3450 (Comp. St. § 6352), au-
thorizing forfeiture of vehicles for violation of
revenue laws, when considered with National
Prohibition Act, tit. 2, §§ 26, 35 (Comp. St.
Ann. Supp. 1923, §§ 10138½mm, 10138½v),
and Act Cong. Nov. 23, 1921, § 5 (Comp. St.
Ann. Supp. 1923, § 10138⅘c), held to author-
ize forfeiture of automobiles used in unlawful
removal and concealment of intoxicating liquors
on which no tax was paid.

4. Statutes ⊜⇒159—Repeals by implication
not favored unless statutes so repugnant as
to preclude other conclusion.

Repeal by implication is never favored un-
less statutes under consideration are so repug-
nant as to preclude any other conclusion.

5. Internal revenue ⊜⇒46—Abandoned automo-
biles containing intoxicating liquors on which
tax was not paid, subject to forfeiture.

Automobiles containing intoxicating liquors
on which tax had not been paid, which were
abandoned by occupants who were not appre-
hended, though not subject to forfeiture under
National Prohibition Act, tit. 2, § 26 (Comp.
St. Ann. Supp. 1923, § 10138½mm), because
not seized while being used in transportation,
are nevertheless subject to forfeiture under
Rev. St. § 3450 (Comp. St. § 6352), used in
violation of revenue laws.

6. Internal revenue ⊜⇒28—Commissioner of
Internal Revenue is eligible to receive taxes
on intoxicating liquors.

Under the revenue statutes, when con-
strued with National Prohibition Act (Comp.
St. Ann. Supp. 1923, § 10138¼ et seq.), and
Revenue Act 1921, § 600a, being Comp. St. Ann.
Supp. 1923, § 5986e, Commissioner of Internal
Revenue is eligible to receive taxes on intoxi-
cating liquors.

Separate libels by the United States
against One Ford Automobile (motor No.
5439350) and One Ford Touring Automo-
bile (motor No. 8239279). Decrees for li-
belant.

ROSS, District Judge. These are libel
proceedings wherein it is sought by the gov-
ernment to have declared forfeited the au-
tomobiles described in the caption, because
it is alleged that each was engaged in the
unlawful removal and concealment of un-
taxpaid intoxicating liquors, and, inasmuch
as the same question is presented in each
case, the two are treated as one for the pur-
poses of this opinion.

In case No. 2731, it is alleged in substance
that on the 14th day of September, 1923,
within the jurisdiction of this court, the of-
ficers were in pursuit of a party in the
automobile described by the motor No. 5439-
350; the same was abandoned by the party
in charge thereof, who made his escape
and whose identity was unknown; that upon
investigation it was found to contain three
gallons of untaxpaid intoxicating liquors.

In case No. 2732, it is alleged in sub-
stance that on the 21st day of February,
1923, under circumstances similar to those
above mentioned, there was found contained
in the automobile described as the one with
motor No. 8239279, one gallon of untaxpaid
intoxicating liquors.

Inasmuch as no party was arrested or ap-
prehended in the act of transporting intox-
icating liquors and convicted therefor so as
to bring the matters complained of within
the provisions of section 26 of the National
Prohibition Act (Comp. St. Ann. Supp.
1923, § 10138½mm), it is sought by the
government to have the vehicle described
forfeited by virtue of the provisions of sec-
tion 3450 of the Revised Statutes of the
United States, the same being section 6352
of the Compiled Statutes.

In each case the Remedial Loan Society
has filed its petition claiming ownership of
each automobile and is resisting the action
sought by the government on the grounds:
(1) That the government is without author-
ity to proceed under section 26 of the Na-
tional Prohibition Act, for the reason that
at the time the cars were seized they were
not then being used in the actual transpor-
tation of intoxicating liquors; and (2) that
the government cannot proceed against these
cars under the provisions of section 3450,
above mentioned, for the reason that this
section, as petitioner insists, was repealed
by section 26 of the National Prohibition
Act.

A determination of the questions present-
ed makes necessary a consideration of sec-
tion 3450 of the Revised Statutes, sections
26 and 35 of the National Prohibition Act
(Comp. St. Ann. Supp. 1923, §§ 10138½-
mm, 10138½v), section 600 (a) of the Rev-
enue Act of 1921 (Comp. St. Ann. Supp.
1923, § 5986e), and section 5 of the Act of

Congress of November 23, 1921, styled "An act supplemental to the National Prohibition Act" (42 Stat. at Large, 222 [Comp. St. Ann. Supp. 1923, § 10138⅘c]), and certain decisions construing these sections.

In United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, the Supreme Court held that section 3257 of the Revised Statutes (section 5993, Comp. St.), making it an offense for a distiller to defraud or attempt to defraud the United States of taxes on distilled spirits, section 3279 of Revised Statutes (section 6019, Comp. St.), requiring distillers of spirits to display a sign marked "Registered Distillery," section 3281 of Revised Statutes (section 6021, Comp. St.), making it an offense to carry on the business of a distiller without giving bond as provided by this section, and section 3282, Revised Statutes (section 6022, Comp. St.), making it an offense to manufacture mash in any building other than an authorized distillery, were superseded by section 35, tit. 2, of the National Prohibition Act, in so far as those laws related to intoxicating liquors for beverage purposes.

Following the principles announced in the Yuginovich Case, in Lewis v. U. S., 280 F. 5 (C. C. A. 6); U. S. v. One Haynes Automobile, 268 F. 1003 (D. C. Fla.); U. S. v. One Haynes Automobile, 274 F. 926 (C. C. A. 5); U. S. v. One Paige Automobile, 277 F. 524 (D. C. Tex.); U. S. v. One Packard Truck, 284 F. 394 (D. C. Mich.); McDowell v. U. S., 286 F. 521 (C. C. A. 9), it was held that section 3450 has been repealed by section 26 of the National Prohibition Act in so far as the remedy herein sought by the government to be enforced is concerned.

In U. S. v. One Essex Touring Auto, 266 F. 138 (D. C. Ga.); U. S. v. One Cole Aero 8 et al., 273 F. 934 (D. C. Mont.); U. S. v. One Essex Touring Car, 276 F. 28 (D. C. Ga.); The Tuscan, 276 F. 55 (D. C. Ala.); Reo Atl. Co. v. Stern, 279 F. 422 (D. C. Ga.); Payne v. U. S., 279 F. 112 (C. C. A. 5); U. S. v. One Buick Roadster, 280 F. 517 (D. C. Mont.), it was held that no inconsistency existed between said sections 3450 and 26, such as that section 26 repealed section 3450 as to the remedy invoked in these cases.

Of the cases above cited McDowell v. U. S., U. S. v. One Haynes Auto, U. S. v. One Paige Auto, U. S. v. One Haynes Auto, Lewis v. U. S., and McDowell v. U. S., arose prior to the enactment of the Supplemental Act of November 23, 1921, and by reason of the views to be expressed in this opinion are not now controlling on the questions to be here decided.

Section 5 of the Act of November 23, 1921, above referred to, provides: "That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act; but if any act is a violation of any of such laws and also of the National Prohibition Act or of this act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other."

The effect of this latter act was considered by the Supreme Court of the United States in United States v. Stafoff et al., decided January 2, 1923, and reported in 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358, wherein it is held in effect that as to offenses arising subsequent to the passage of the act last mentioned the holding of the court in U. S. v. Yuginovich, supra, will not apply, except it may be said in instances of clear conflict.

Remus, one of the defendants in the Stafoff Case, was charged in six counts with having carried on the business of a wholesale liquor dealer, that of a retail liquor dealer, and that of a rectifier, without having paid the special tax as required by law. Three counts in the indictment against Remus were for offenses occurring after the passage of the act of November 23, 1921. The trial court sustained a demurrer to the indictment against Remus, and the Supreme Court held that in so far as the court sustained the demurrer to the indictment charging offenses subsequent to the act of 1921, it was in error and its action therein was reversed.

In this opinion it is stated on page 479 (43 S. Ct. 199):

"In United States v. Yuginovich, 256 U. S. 450, it was decided that sections 3281 and 3282 were repealed by the later law (referring to the National Prohibition Act), at least as to the production of liquor for beverage purposes. Since that decision and with reference to it, as appears from the House Report, No. 224, 67th Cong., 1st Sess., and the debates, 61 Cong. Rec., part 3, pp. 3095, 3096, the act supplemental to the National Prohibition Act was passed. Act of November 23, 1921, c. 134, § 5, 42 Stat. 222, 223. By section 5 of this statute 'all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor,

and all penalties for violations of such laws that were in force when the National Prohibition act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act.' (But if an act violates both the former and the latter a conviction under one is a bar to prosecution under the other.) This section is not declaratory even in form. It does not purport to construe the National Prohibition Act as leaving in force what this court has .declared to have been repealed. It could not in this way give a retrospective criminality to acts that were done before it was passed and that were not criminal except for the statutes held to have been repealed. Ogden v. Blackledge, 2 Cranch, 272, 277; Koshkonong v. Burton, 104 U. S. 668. Of course a statute purporting to declare the intent of an earlier one might be of great weight in assisting a court when in doubt, although not entitled to control judicial action. But that is not this case. The decision in United States v. Yuginovich must stand for the law before November 23, 1921. * * *

"But the supplemental act that we have quoted puts a new face upon later dealings. From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms. The form of words is not material when Congress manifests its will that certain rules shall govern henceforth. Swigart v. Baker, 229 U. S. 187, 198. Of course Congress may tax what it also forbids. 256 U. S. 462. For offenses committed after the new law, United States v. Yuginovich cannot be relied upon."

[1, 2] It appears that the construction given the act of 1921 in the Stafoff Case is that by its terms Congress has re-enacted those laws which had been held to be repealed by the cases above referred to as being in conflict with the National Prohibition Act, and that the latter act must now prevail, since the Supreme Court has held that by its provisions Congress has re-enacted the laws referred to therein as if the same had been set out in the latter act in terms. This was said without commenting upon the peculiar wording of section 5 of the Act of 1921. If this section should be construed literally as to what laws are re-enacted, it is meaningless and re-enacts nothing, since it is said that all laws in regard to the manufacture and taxation of and traffic in intoxicating liquors and all penalties for violations of such laws that were in force when

the National Prohibition Act was enacted shall be and continue in force as to both beverage and nonbeverage liquors, *"except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act."* (Italics mine.) The literal wording of this exception, as above stated, would re-enact nothing, for the reason that the National Prohibition Act repealed nothing except what was in conflict with it, and if such laws are not re-enacted by this later act, then section 5 loses force altogether and means nothing. If its words are to be literally construed, the holding in United States v. Lewis, supra, to the effect that section 3450 has been repealed by section 26 of the National Prohibition Act as being in conflict with this latter section, would leave section 3450 standing now repealed and the remedy sought by the government in these cases could not be enforced. However, in construing section 5, as in all questions involving the construction of a statute, the primary object of inquiry is to determine the legislative intent as it appears from the act as a whole. Furthermore, it is a well-established rule that courts will give a meaning to legislative enactments where consistently possible, rather than to hold them meaningless.

As shown above, considerable confusion seems to have existed as to the meaning of section 35 of the National Prohibition Act, wherein it is provided: "All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor."

The section then provides that no stamps or tax receipts for illegal manufacture or sale of liquor shall be issued in advance, but that a tax shall be assessed against the person responsible for the illegal manufacture or sale of liquor in double the amount as then provided by law upon evidence of such manufacture or sale. And it would seem reasonable that, in an effort to relieve the law of these seeming inconsistencies, it was the intention of Congress by section 5, above quoted, of the act of 1921, to re-enact the law as it existed prior to the passage of the National Prohibition Act "in regard to the manufacture and taxation of and traffic in intoxicating liquors." This view is strengthened by a consideration of the latter portion

of said section 5, wherein in substance it is provided that if any act is in violation of any of such laws as were in force at the time of the passage of the National Prohibition Act, and also in violation of any provision of the National Prohibition Act, a conviction under one shall be a bar to prosecution under the other. By this enactment Congress was evidently endeavoring to harmonize these acts so as to leave them in force with the remedy given to proceed under either the one or the other as the facts would warrant. By giving to section 5 the construction placed thereon by the Supreme Court in the Stafoff Case then under the same reasoning heretofore applied by the courts which have held section 3450 repealed by section 26 of the National Prohibition Act, it would seem that section 26 of the National Prohibition Act must now stand repealed in so far as there may be any conflict between it and section 3450, since section 3450 has been re-enacted by the act of 1921. However, this question is not here determined, for the reason that it now appears to me the two sections may well stand without such a holding.

[3] Construing all these laws together, it occurs to me that Congress has now endeavored by express terms to construe the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) in so far as existing laws were concerned at the time of its passage. As above stated, by section 35 of that act it is expressly stated that the National Prohibition Act shall repeal other laws only to the extent of the inconsistency between it and such laws, and that it shall be construed as being in addition to existing laws. Prior to the holding in the Lewis Case, I had been of opinion that certainly when this act was passed Congress had in mind section 3450, which had remained upon the statute books as the law for more than half a century, and that Congress was familiar with the fact that section 3450 was designed purely as a revenue collecting statute, and that the provisions authorizing the forfeiture of vehicles, etc., in which there was deposited or concealed or removed any commodities upon which a tax should have been paid with a view of defrauding the United States of such tax, were provisions in aid of the collecting of revenue. The wording of section 35 would seem to indicate an effort on the part of Congress to preserve existing laws except where a direct conflict existed, rather than to destroy them. It is true that the National Prohibition Act by its provisions endeavors to prohibit any character of manufacture or traffic in intoxicating liquor except as therein provided, and that upon its passage the manufacture, sale, and handling of intoxicating liquor became a prohibited business unless the acts in so doing fell within some one or more of the exceptions in the act. Granting this to be true, parties dealing in liquors unlawfully are now liable for a tax, and when Congress endeavors to pass an act in aid of existing laws, if it did not intend that the existing laws where not clearly in conflict with the later act should be repealed, it would seem that a construction should be placed upon the later act, which, if possible, would leave in force those laws which Congress sought to retain.

[4] The rule that repeals by implication are not favored is well known, and it is a well-established principle of law that a repeal by implication is never favored unless the statutes under consideration are so repugnant as to preclude any other conclusion. South Carolina v. Stoll, 17 Wall. 425, 430, 21 L. Ed. 650. The question does not stand as if Congress had contented itself in the National Prohibition Act with a simple repealing clause. Surely it had some purpose in inserting the positive provisions referred to in section 35. It appears reasonable that if section 3450 in certain of its provisions could be left in force as not being directly antagonistic to the provisions of section 26, such construction should be placed thereon.

[5] If section 3450 has been destroyed by the National Prohibition Act and has not been revived by section 5 of the Act of November 23, 1921, the instant cases afford striking illustrations of a serious defect in section 26 of the National Prohibition Act, in that as this latter section has been construed it is necessary not only that the vehicle seized must have been so seized while being used in the very act of transporting intoxicating liquor, and that the government must go further, in that it must apprehend the party so using the vehicle and convict such party before the seized vehicle can be declared forfeited. It will readily be seen how easy it would be to evade this statute. The party in charge of the vehicle sought to be seized may abandon it while being pursued, escape the officers, and thus the government be left to the necessity of merely confiscating whatever liquor may be found in the vehicle and leaving it for the law violator to again use at his pleasure. Is this in keeping with the argument that it was the desire of Congress to absolutely prohibit all traffic in intoxicating liquors? Can it be said that the Congress of the

United States could not foresee the ease with which this statute might be evaded? Is it not more reasonable that with this possibility in view Congress had in mind the fact that, if such vehicle should be abandoned by the law violator, the government, under section 3450, would have its remedy, and that, inasmuch as section 3450 was broad in its provisions, Congress desired to leave it in force except where section 26 by unmistakable terms superseded some of its provisions or by this later act to re-enact it even at the expense of section 26? As has been pointed out in some of the decisions above mentioned, section 26 proceeds against the person, while section 3450 proceeds against the res. Furthermore, as just stated, under the construction placed upon section 26 it is limited to vehicles in motion; section 3450 covers vehicles although not in motion. Under section 26 no forfeiture may be had unless the driver or owner is apprehended and convicted; under section 3450, this is not necessary. Under section 26, it is immaterial whether the taxes have or have not been paid if the liquor was being unlawfully transported; while under section 3450 taxpaid liquors, regardless of how they were being transported, could not be reached, and only untaxed liquors might be reached, and that where they were being so stored or concealed as that it was done with the intention of defrauding the government of the taxes due thereon. If Congress really intended the National Prohibition Act to stand, as it said, in aid of existing laws may it not now be said that by section 5, above quoted, it has endeavored to make provisions whereby that purpose may be carried out, and certainly it has manifested an intention that a statute shall not now stand repealed in aid of which the National Prohibition Act might so well be invoked in many instances, and is it not reasonable to assume that with the powers possessed by the government under section 3450, it was the intention of Congress by the enactment of section 5 of the Act of November 23, 1921, to revive these powers as additional remedies to those provided by section 26 of the National Prohibition Act, if they have been repealed by that act, so that the storing or removing or concealment of untaxpaid liquors in vehicles such as are here in question would bring about a forfeiture of the vehicle in cases where the party could not be reached under the provisions of section 26, and so that a system might be established whereby almost any conceivable character of illegal traffic in liquors for beverage or nonbeverage purposes might be reached by statutory provisions and the offender, whether it should be the person or the res, be made subject to the penalties or punishment provided. It occurs to me that any other construction would have the effect of destroying the remedies provided in these various sections rather than to have them stand in aid of each other.

I do not see that a discussion of the principles as to repeals by implication would in any wise aid the matters here considered, for they are well established, nor do I deem it necessary to discuss in detail the holdings above referred to, for as I view it the Stafoff Case is determinative of the questions herein presented.

[6] It may be well to state, however, that a question is presented in the Lewis Case as to the individual to whom taxes may now be paid. It seems to me that section 600a, above mentioned, and the provisions of law which designate the Commissioner of Internal Revenue as the officer eligible to receive taxes, answers this question.

Under section 3450 as has been often construed, the grounds of objection sought to be raised to the petitions in these cases are not maintainable. The cars were being used in the unlawful removal and concealment of untaxpaid liquors, and, in so far as this record discloses the possession of these cars, was with the consent of the Remedial Loan Society, which now claims the ownership. This being true, the government is entitled to the remedy sought in the libel proceedings, and an order will be accordingly entered in each case.

An opinion was filed in these cases on June 23, 1924, wherein the same conclusion was reached, but certain matters have been considered in this opinion not mentioned therein, and for that reason this opinion will be substituted for the former.