### UNITED STATES v. ONE HAYNES AUTOMOBILE.

(Circuit Court of Appeals, Fifth Circuit. July 25, 1921.)

No. 3664.

Internal revenue ☞2—Statutory provisions repealed by National Prohibition Act.

Since the enactment of the National Prohibition Act, a suit cannot be maintained under Rev. St. § 3450 (Comp. St. § 6352), for forfeiture of a vehicle as having been used to remove and conceal distilled spirits whereon a double tax has been imposed under said Prohibition Act, with intent to defraud the United States of such tax.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit by the United States against one Haynes automobile, Model 45, Type T, engine No. 35909. Judgment for respondent, and plaintiff appeals. Affirmed.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and William McL. Christie, Asst. U. S. Atty., of Jacksonville, Fla.

W. A. Hallowes, Jr., and Miles W. Lewis, both of Jacksonville, Fla., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. In this case a libel was brought to condemn the above-described automobile, under United States Revised Statutes, § 3450 (Comp. St. § 6352), on the ground that it was at the time of seizure being used in the removal, deposit, and concealment of distilled spirits, on which the taxes had not been paid, to a place other than one authorized by law, with intent to defraud the United States of the taxes thereon. The question presented is whether the libel can be sustained under Revised Statutes, § 3450; it being conceded that it

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

does not allege facts sufficient to sustain it against demurrer or exception as not stating a case for forfeiture under the Volstead Act (41 Stat. 305). The acts charged to constitute the violation of law are alleged to have occurred since the Volstead Act took effect.

Section 3450 of the Revised Statutes provides for the forfeiture of any vehicle used to remove or conceal any goods or commodities whereon a tax has been imposed, when such removal or concealment is with intent to defraud the United States of such tax or any part thereof. It was designed to aid in the collection of the revenue, when the raising of a large revenue from the authorized manufacture and sale of intoxicants was a part of the financial policy of the government. Now there can be no lawful manufacture, sale, or transportation of such liquor for beverage purposes. No liquor revenue stamps or tax receipts can be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers.

Section 26 of the Volstead Act provides that, whenever intoxicating liquors, transported or possessed illegally, are seized by an officer, he shall take possession of the vehicle, etc., and arrest the person in charge and proceed as provided in said section 26 against said person and vehicle. Section 35 repeals all prior provisions of law to the extent of their inconsistency and no more. The Supreme Court of the United States has in the case of United States v. Yuginovich (June 1, 1921) 255 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, decided that this provision of the Volstead Act must be construed in the light of the rule for construing penal statutes:

"That later enactments repeal former ones practically covering the same acts, but fixing a lesser penalty."

It is evident that the tax, which it is claimed has not been paid, is the double tax and penalty directed by section 35 of the Volstead Act. Any manufacture, sale, or transportation of liquor for nonbeverage purposes, to be legal, must be under a permit as provided by the Volstead Act. The transportation of the liquor is clearly one which, if illegal, would violate the Volstead Act, and would subject the vehicle to forfeiture according to the provision of that act. It is not, therefore, to be assumed that Congress intended to provide for the forfeiture of vehicles under section 26 of the Volstead Act, with its provisions for preserving the rights of third persons, and still leave them subject to be forfeited under the more drastic provisions of Revised Statutes, § 3450.

The judgment of the District Court is therefore affirmed.