## UNITED STATES v. ONE FORD AUTOMOBILE.

(District Court, S. D. Texas, at Brownsville. August 13, 1923.)

No. 383.

1. **Statutes** ⊂⇒158—**Implied repeal is question of legislative intent as expressed in matured legislation.**

The question of implied repeal is one of legislative intent, but it is the legislative intent as expressed in matured and perfected legislation, and not as construed from general statements or expressions, that is controlling.

2. **Constitutional law** ⊂⇒67—**Whether statute has been repealed is question for judicial determination.**

The question whether an act has or has not been repealed, expressly or impliedly, is a matter of judicial and not of legislative determination.

3. **Statutes** ⊂⇒159—**Repealed only to extent of conflict by partially conflicting act.**

Where there is a partial conflict between two statutes, both will be construed to stand except in the very crux of the conflict.

4. **Customs duties** ⊂⇒121—**Statute providing for forfeiture of vehicles transporting goods illegally imported not repealed.**

Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), providing for forfeiture of any vehicle used or engaged in hauling merchandise illegally imported, has not been repealed by the National Prohibition Act, or any other act, in view of Act Nov. 23, 1921, and Tariff Act 1922 (Comp. St. Supp. 1923, § 5841h13).

5. **Customs duties** ⊂⇒121—**Statute providing for absolute forfeiture of vehicles not abrogated by National Prohibition Act providing for protection of liens**

National Prohibition Act, tit. 2, § 26, providing for seizure and forfeiture of vehicles used in illegal transportation of intoxicating liquor, but providing for protection of bona fide liens, does not abrogate Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), providing for absolute forfeiture of vehicles used in transporting merchandise illegally imported.

At Law. Libel by the United States against one Ford automobile in which the International Investment Company and another intervened. Intervention denied, and decree of forfeiture granted.

H. M. Holden, U. S. Dist. Atty., of Houston, Tex. (Edwin R. Warnken, Asst. U. S. Dist. Atty., of Houston, Tex., on the brief), for the United States.

Vernon B. Hill, of Mission, Tex., for interveners.

HUTCHESON, District Judge. This is a libel of forfeiture brought by the United States, seeking to condemn under sections 3061 and 3062, Revised Statutes (Comp. St. §§ 5763, 5764), long known as the "Cus-

toms Laws," a Ford automobile. The libel prays in the alternative for forfeiture under section 26, title 2, National Prohibition Act (41 Stat. 305).

The owner of the vehicle was convicted in this court under section 5841h13, U. S. Comp. Stat. 1923, a part of the Tariff Act of 1922, and he makes no appearance.

An intervention has been filed on behalf of the International Investment Company and J. R. Dela Garza setting up a mortgage lien upon the vehicle, and asking the protection of a bona fide lien holder under section 26. The agreed statement of facts contains the following:

The car was seized by customs officers near the Mexican border while containing and having concealed therein certain foreign distilled intoxicating liquor that had been introduced from Mexico into the United States contrary to law, without submitting same to inspection by customs authorities or declaring or entering same through the customs house, and without paying any duty thereon, and that at the time said automobile and liquor were seized the said liquor was being transported and concealed by the owner thereof in said automobile with full knowledge of the above unlawful importation.

As to the lien, it is conceded that prior to said seizure, and without any knowledge whatever of the unlawful use to be made of said vehicle, interveners acquired a bona fide chattel mortgage lien on said vehicle which would entitle them to protection under said sale if the forfeiture is awarded the government, not upon its original, but upon its alternative, prayer under the National Prohibition Act.

It is conceded by libelant that if it is not entitled to forfeiture under the customs statutes, intervener's lien must be protected here.

It is conceded by intervener that if the government is entitled to forfeiture under the customs acts, they must secure their relief, if any, from the administrative officers and not from this court, whose decree of forfeiture must be absolute. Goldsmith Grant Co. v. United States, 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376.

The intervener contends that where a vehicle has been seized in the United States while unlawfully transporting liquor theretofore unlawfully imported, the provisions of section 26 have superseded the customs statute, and that the forfeiture by said section provided is excluded.

It is the government's contention that section 26 applies only to cases where the offense is that of unlawfully transporting and posessing, uncoupled with unlawful importation, and that there being no conflict between section 26 of the Prohibition Act and sections 3061 and 3062, Revised Statutes, there can be no question of implied repeal or supersession.

It is thus apparent that the important, in fact the sole, question for decision in this case is a question of statutory construction, and specifically of implied repeal.

Since the passage of the National Prohibition Act, decisions almost without number have been rendered by the inferior federal courts, and one or two by the Supreme Court, attempting to reconcile and har-

monize the inconsistent positions in which the government and litigants have found themselves on account of the failure of Congress to expressly repeal or re-enact prior statutes, and the contentions made by the respective parties litigant that implied repeals have or have not occurred.

Counsel in this case have with commendable industry collected and presented for my consideration these various opinions.

This court, in United States v. One Paige Automobile, 277 Fed. 524, decided January 7, 1922, had occasion to discuss the question in the light of the statutes then existing, and held that in view of the plain and unmistakable language used by Congress in section 26, "whenever any vehicle shall be seized by any officer the forfeiture should provide for the protection of a bona fide lien out of the proceeds," it must be considered that the legislative will of Congress as thus expressed amounted to an implied repeal of the customs seizure acts where liquor transported was concerned.

This decision applied to the customs acts doctrines of implied repeal already announced in this circuit with reference to section 3450, Revised Statutes (Comp. St. § 6352). United States v. One Haynes Automobile (C. C. A.) 274 Fed. 926. See, also, United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, and afterwards announced in McDowell v. United States (C. C. A.) 286 Fed. 522; in United States v. One Packard Motor Truck (D. C.) 284 Fed. 394; in Fontenot v. Accardo (C. C. A.) 278 Fed. 871; in Lipke v. Lederer, 259 U. S. 557, 42 Sup. Ct. 549, 66 L. Ed. 1061.

Since these decisions were rendered, or rather since the cases in which these decisions were rendered arose, Congress has enacted the Willis Campbell Act (42 Stat. 222), known as the "Act of November 23, 1921," supplemental to the National Prohibition Act, and the 1922 Tariff Act, and it is in the light of these statutes that the questions raised here must now be decided.

[1, 2] As indicated in the decisions already adverted to and as settled by the principles of fundamental law, the only purpose of a court is to ascertain the legislative will as expressed in its lawful enactments.

This does not mean the legislative will as construed from general statements or expressions of legislative intent, but as expressed in matured and perfected legislation; for, in the last analysis, the question of whether an act has or has not been repealed, expressly or impliedly, is a matter of judicial, and not of legislative, determination. District of Columbia v. Hutton, 143 U. S. 27, 12 Sup. Ct. 369 (36 L. Ed. 60) in which the court said:

"Even if Congress had supposed that [section 354] was still a law, when, as a matter of fact, it had been repealed, it would make no difference in this consideration. * * * The question is * * * a judicial question, to be determined by the courts, upon a proper construction of that section and subsequent legislation upon the same subject-matter, and is not for the legislative branch of the government to determine." Postmaster General v. Early, 12 Wheat. 136, 6 L. Ed. 577; South Ottawa v. Perkins, 94 U. S. 260, 24 L. Ed. 154; United States v. Claflin, 97 U. S. 546, 24 L. Ed. 1082.

Again:

"It is true that implied repeals are not favored, but it is also true that if two acts are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act." District of Columbia v. Hutton, 143 U. S. 27, 12 Sup. Ct. 369, 36 L. Ed. 60; United States v. Tynen, 11 Wall. 88, 20 L. Ed. 153; United States v. Yuginovich, 256 U. S. 453, 41 Sup. Ct. 551, 65 L. Ed. 1043.

Now, since the former decisions upon the National Prohibition Act, there has been thrown upon the questions of construction presented here the light of the Willis Campbell Act of 1921 construed by the Supreme Court in United States v. Stafoff, 43 Sup. Ct. 197, 67 L. Ed. ——, as a reaffirmation of all the prior laws and their penalties regarding the manufacture of and traffic in intoxicating liquor except when their provisions are directly in conflict with the National Prohibition Act.

As to the customs laws Congress has with equal clearness indicated that the penal provisions of the customs laws are still intended to apply to the introduction of prohibited liquors. Section 5841h13, U. S. Comp. Statutes, the Tariff Act of 1922, re-enacts the old customs section 3082, and, in order to remove the questions which had been raised as to whether the customs laws applied to prohibited and nondutiable articles, in addition declares that its prohibitions extend to all articles brought in, whether dutiable or prohibited.

The act of 1922 also repeals certain sections of the Revised Statutes by number, and expressly omits to repeal sections 3061 and 3062, although it repeals every section anterior and posterior to those two, beginning with section 3000 and concluding with section 3086.

"Repeals by implication rest in the presumption that the Legislature intended to give effect to its enactments." 25 Ruling Case Law, § 168.

Hence the question whether a new act works a repeal of an existing statute is one of legislative intention which is to be determined by construction. United States v. Claflin, 97 U. S. 546, 24 L. Ed. 1082; United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043.

The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold to the contrary. 25 R. C. L. § 168.

"A rule of law established by judicial decisions and by statute, and rigidly adhered to for many years, should not be held to have been abrogated by a subsequent statute unless the intention of the Legislature so to abrogate the same is expressed in clear terms, or by necessary implication." R. C. L. 25, § 169.

[3] And a further rule of construction is that where there is a partial conflict, both statutes will be construed to stand except in the very crux of the conflict.

[4] Examining the question here in the light of these rules, I think it must be conceded that the intention of Congress has now been plainly

manifested to in no manner limit or affect the enforcement of any statutes applicable in their terms, whether passed under the theory of customs regulations, or internal revenue legislation, unless and except in the very precise point wherein these acts differ from the National Prohibition Act, and that it has clearly expressed its purpose to make effective all of the statutes not expressly repealed where by their terms they are capable of being given effect.

As to the specific sections 3061 and 3062, Congress has, I think, clearly announced its intention that these statutes are in no manner repealed or affected by either the National Prohibition Act, or any other act passed by it, and that they are in full force and effect.

It is true that Congress in the Tariff Act of 1922 has at two or three points reaffirmed the validity of titles 1 and 2 of the Prohibition Act, and that while sections 3061 and 3062 cannot be said to be repealed by the National Prohibition Act, neither can that act be said to have been repealed by the Tariff Act, or any of the customs provisions by that act readopted and reaffirmed.

[5] It remains only to determine whether by section 26 Congress meant to provide a procedure, with reference to bona fide owners and lienors in forfeiture cases, so comprehensive and complete as that it should be regarded as a direction for procedure in all forfeiture cases where liquor is involved in lieu of all procedure theretofore or thereafter provided.

That this was not the intention of Congress I think is manifest from the fact that many other occasions for forfeiture arise from violation of provisions governing the navigation of vessels, their lading and unlading, and it cannot be supposed that these provisions are to be modified simply by the fact that liquor was, or was part of, the commodity causing the forfeiture, and, too, the intention to preserve the old method of forfeiture is made clearer by the fact that there are express provisions in the Tariff Act of 1922 for an administrative remission of forfeitures, and an administrative protection of bona fide claims in the case of forfeiture. Section 5841h33.

An examination of title 26 itself, in the light of the present applicable statutes, points the way to a reasonable interpretation and enforcement of all the statutes, without doing violence to any, for while the language of the section is comprehensive enough to include *any officer who makes* seizures, and *any seizure made for illegal transportation and possession*, its language being, "whenever intoxicating liquor transported or possessed illegally shall be seized by an officer," it is not comprehensive enough to, and cannot, in the light of the present statutes, be properly construed to, exclusively cover forfeitures in cases of liquor unlawfully imported or smuggled into the United States, but leaves that field entirely open to the operation of the customs statutes.

It is proper here to say that had the facts in this case shown *mere unlawful transportation and possession,* no presumption could be indulged, from the mere fact of the liquors being foreign liquors, that they had been unlawfully imported, and the forfeiture would have had to be declared under the Prohibition Act.

But since in this case the agreed facts show a case of unlawful entry into the United States, and of unlawful concealment of goods unlawfully entered, the forfeiture provisions of sections 3061 and 3062 apply, and the government is entitled to a decree of absolute forfeiture under those sections, with remission of the bona fide lienor for his relief to the administrative sections of the Tariff Act hereinabove referred to.

It is therefore held, and it will be ordered, that the government have its decree of forfeiture under the customs sections invoked in this libel, that the intervention be denied, without prejudice to the right of the intervener to apply to the Secretary of the Treasury, or other administrative officer provided by law, for his relief, if he is so advised; and the decree will be so entered.