## THE CHEROKEE.

(District Court, S. D. Texas, at Galveston. August 13, 1923.)

### No. 1187.

1. **Customs duties ☞130—Statute providing for forfeiture of vehicles held inapplicable to vessels.**

Rev. St. §§ 3061, 3062, providing for forfeiture of any vehicle, beast, etc., used or engaged in hauling merchandise illegally imported, has no application to vessels so used.

2. **Customs duties ☞121—Statute providing for forfeiture of vessel in which commodities removed, or concealed to defraud the United States, not repealed.**

Rev. St. § 3450, providing for forfeiture of any vessel, boat, etc., by or in which commodities are removed, deposited, or concealed with intent to defraud the United States of taxes, has not been repealed or superseded by the National Prohibition Act, in view of the Willis Campbell Act of 1921 and Tariff Act of 1922.

3. **Customs duties ☞121—National Prohibition Act held not to prevent absolute forfeiture under other statutes.**

National Prohibition Act, tit. 2, § 26, providing for seizure and forfeiture of any water craft or vehicle in which intoxicating liquors are illegally transported, but providing for protection of bona fide liens, does not abrogate or prevent absolute forfeiture of vessel, under Rev. St. § 3450, providing for forfeiture of vessel by or in which commodities are deposited, removed, or concealed with intent to defraud the United States of taxes, section 4377, providing for forfeiture of vessel employed in trade other than that for which licensed, or Tariff Act 1922, §§ 450 and 453, relative to unloading of merchandise at night, or without special license.

In Admiralty. Libel by the United States against the American gas screw Cherokee, in which Ed McCarty & Co. intervened. Decree of forfeiture.

H. M. Holden, U. S. Dist. Atty., of Houston, Tex. (Edwin R. Warnken, Asst. U. S. Atty., of Houston, Tex., on the brief), for the United States.

Lockhart, Hughes, Lockhart & Rayzor, of Galveston, Tex., for intervener.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HUTCHESON, District Judge. This cause was presented on an agreed statement of facts, as follows:

"It is hereby understood and agreed that the following facts shall be taken as proof upon the trial of this cause:

"That heretofore, to wit, on or about the 11th day of March, 1923, the vessel in controversy, the Cherokee, was found in Offat Bayou, in Galveston county, Tex., and within the Southern district of Texas, laden with 701 packages, each containing one-half case of liquor; that at the time that said vessel was found no one was present or actually in charge of same, but that later John L. Nounes, the owner, was arrested and admitted the ownership of said boat, and the ownership of the intoxicating liquor thereon, and thereafter stated to the officers that said liquor had been transported from Bettison's Fishing Pier to the place where it was found, in Offat Bayou, on the Cherokee, and that he had spent all of the preceding night loading the liquor.

"It is further understood and agreed that on or about the 8th day of July, 1922, the owner of said vessel and the claimant herein borrowed from the intervener, Ed McCarty, doing business under the firm name and style of Ed McCarty & Co., the sum of $4,500, for which the said claimant made, executed, and delivered his note of said date to the said Ed McCarty & Co., said note bearing interest at 10 per cent. per annum from date, together with 10 per cent. attorney's fees, being due 60 days from said date, and which said note remains due and unpaid, except the sum of $800, which was paid thereon on the 10th day of January, 1923; that for the purpose of securing the intervener in the payment of said note above described, the claimant, John L. Nounes, made, executed, and delivered to S. L. McCarty, trustee, for the use and benefit of the intervener, his certain chattel mortgage on one Packard automobile, and the said motor boat in controversy, the Cherokee, said mortgage being filed for record in the office of the county clerk of Galveston county, Tex., on the 10th day of July, 1922. Said note was taken for a valuable consideration and in good faith, and without notice of any facts which might render said vessel subject to forfeiture at the time the lien was given.

"That after the execution and delivery of the note and mortgage hereinabove referred to, on the 10th day of January, 1923, the intervener released to the said John L. Nounes, claimant herein, the lien on the said Packard automobile upon the payment of said note of $800, and that the said intervener has at this time no claim upon said automobile included in said mortgage.

"It is further agreed that the Cherokee was licensed about September 20, 1922, for a period of one year for the coasting trade; that the said Cherokee was engaged in an unlawful business at the time she was apprehended, to wit, the transportation of intoxicating liquor; that the said master of the Cherokee, John L. Nounes, did not have a permit from the Commissioner of Internal Revenue either to import, export, or transport the said 4,206 bottles of intoxicating liquor which were found on the vessel at the time of the seizure; that the value of the liquor found on board the vessel was considerably more than $500; that no permit had been issued or requested of the collector of customs by the master of said vessel or any one else to load the said cargo of liquor on board the Cherokee at night; that the said cargo of liquor found on board said vessel was not manifested; that the taxes due on said liquor were unpaid, and said cargo was being transported and concealed on said vessel to avoid payment of same.

"It is further understood and agreed that the liquor found on board the said Cherokee was unlawfully imported into the United States by the master and owner thereof without the payment of duties and without declaring same at the customs house, or otherwise complying with the customs and internal revenue laws of the United States."

The government prays for forfeiture under the following provisions:

(1) Section 4377 of the Revised Statutes (Comp. St. § 8132):

"Whenever any licensed vessel is transferred," etc., "or is employed in any other trade than that for which she is licensed, or is found, * * * such

vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited."

(2) Under section 450 of the Tariff Act of 1922, providing that no merchandise shall be unladen at night except under special license.

(3) Section 453, that no merchandise shall be unladed without a special license or permit.

(4) Under section 3450 of the Revised Statutes (Comp. St. § 6352), providing for forfeiture of any vessel, boat, etc., by or in which commodities are removed, deposited, or concealed with intent to defraud the United States of taxes.

(5) Under section 26, tit. 2, of the National Prohibition Act (41 Stat. 305) and

(6) Under sections 3061 and 3062, Revised Statutes (Comp. St. §§ 5763, 5764), providing for the forfeiture of any vehicle, beast, etc., which is used for or engaged in hauling merchandise introduced into the United States contrary to law.

One John L. Nounes, master of the vessel, was charged, and upon his plea of guilty convicted, of violating the National Prohibition Act in transporting and possessing intoxicating liquor, and as to his interest in the vessel does not dispute the government's right to forfeiture.

Ed McCarty & Co., have filed an intervention, asserting a bona fide lien upon the vessel, and upon the agreed stipulation they are bona fide lienors.

The vessel has been sold without prejudice to the claim of the lienor, and with the express stipulation that his rights, if any, shall be enforced against the proceeds of the vessel, just as if the vessel had not been sold.

It is conceded by the government that if section 26 of the Prohibition Act controls the procedure in this case, the intervening lienor is entitled to have his lien protected out of the proceeds; but it is their contention that they are entitled to an absolute forfeiture under the other statutes referred to hereinabove without recognizing or providing for the lien.

On the part of the lienor it is conceded that if the case is controlled by any of the other statutes invoked by the government, and not by section 26, the government is entitled to an absolute forfeiture. Goldsmith-Grant v. U. S., 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376.

Since the passage of the National Prohibition Act, decisions almost without number have been rendered by the inferior federal courts, and one or two by the Supreme Court, attempting to reconcile and harmonize the inconsistent positions in which the government and litigants find themselves on account of the failure to expressly repeal prior statutes, and the contentions made by the respective parties that implied repeals have occurred. In the briefs in this case a discussion of these decisions has been attempted.

In the opinion this day filed in the case of United States v. One Ford Automobile (D. L. No. 383) 292 Fed. 207, an attempt has been made to point out the new face which has been put upon these questions of construction by the passage of the Willis Campbell Act in November,

1921, and the Tariff Act of 1922, and the views expressed in that opinion which are applicable here will be adverted to rather than repeated.

[1] That case had to do with sections 3061 and 3062 of the Revised Statutes, which, though invoked here, are plainly by their language not applicable, since they refer to the forfeiture of vehicles and beasts, and make no reference to the forfeiture of vessels.

[2] The conclusions there announced make it plain that while it has been held in United States v. One Haynes Automobile (C. C. A.) 274 Fed. 926, and McDowell v. United States (C. C. A.) 286 Fed. 522, prior to the passage of the Willis Campbell Act (42 Stat. 222) that section 3450 as to forfeiture must be regarded as superseded by the National Prohibition Act, and while in United States v. One Ford Automobile (D. C.) 286 Fed. 204, and while in United States v. One Kissell Automobile (D. C.) 289 Fed. 121, very interesting questions have been raised and discussed as to the burden and quantum of proof necessary to put the provisions of this section into operation, the passage of the Willis Campbell Act, making the intention of Congress plain that section 3450 is not repealed or superseded, and the definite and clear admissions of the stipulations in this case as to the fact of concealment in the vessel in order to avoid the tax, section 3450 is applicable to this case, and that the government is entitled to a forfeiture under it.

In addition the language of section 4377, Revised Statutes, and of sections 450 and 453 of the Tariff Act of 1922 (42 Stat. 858), clearly cover the case of the Cherokee as fixed by the stipulation, and prove effective authority for its forfeiture without protection of the lienor.

[3] It is argued by counsel for intervener that section 26 of title 2, National Prohibition Act, is a comprehensive and complete section, and affords a protection by the exclusive forfeiture there enacted, to all liens on vessels seized because or while in the act of transporting liquor, and that in such cases the forfeiture provisions of sections 3450, 4377, Revised Statutes, and of sections 450 and 453 of the Tariff Act, are inapplicable.

In the One Ford Automobile Case, this day decided, I have undertaken to show the incorrectness of that construction, and while I think the point was clearly enough made there, the fact that some of the statutes invoked in this case by the government have to do with offenses against navigation, and are therefore not in pari materia with the Prohibition Act, makes more clear the fallacy of intervener's contention. Intervener's construction, if adopted, would require the court by implication to write into the navigation acts a limitation on their provision of forfeiture not contained in them, either expressly or by inference. Such construction would do violence to the ordinary rules of construction, because it would be to treat a statute designed to meet the conditions of a particular character of case as comprehensive enough to limit other statutes having no relation to the subject-matter.

I am of the opinion, as stated in the One Ford Automobile Case, that section 26 properly interpreted may be given application to those cases where the seizure is made because of the offense of transporting or possessing liquor, and that where that is the only ground of the seizure alleged or proved, section 26 is controlling.

That where the seizure is made on other grounds, and those grounds. are established by proof, the government has the right to invoke the forfeiture provided in the statutes controlling those grounds, and section 26 cannot be relied upon for protection.

It is therefore my opinion, and it will be ordered, that the government having claimed the right to forfeiture under sections 3450 and 4377, Revised Statutes, and sections 450 and 453 of the Tariff Act of 1922, is entitled to have the absolute forfeiture in said acts provided, and the lienor must be remitted, without prejudice from this decree, for any redress which he may have, to the administrative officers and the administrative provisions of the Tariff Act.

Let decree be so entered.