## UNITED STATES v. ONE BAY STATE ROADSTER.

(District Court, D. Connecticut. October 23, 1924.)

No. 2723.

1. **Internal revenue** &lar;46—**Motion to dismiss libel admits allegations of fact well pleaded.**

Motion to dismiss libel admits allegations of fact well pleaded.

2. **Statutes** &lar;165 — **Later statute, covering same offense and fixing another and lesser punishment, impliedly repeals earlier one.**

When later statute covers offense punishable under earlier law, and provides another and lesser punishment, earlier statute is impliedly repealed.

3. **Internal revenue** &lar;2—**Laws expressly or impliedly repealed by Prohibition Act revived by later act.**

Laws expressly or impliedly repealed by National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) are revived by Willis Campbell Act, approved November 23, 1921, entitled "An act supplemental to the National Prohibition Act," if not inconsistent therewith.

4. **Internal revenue** &lar;46—**Intoxicating liquors** &lar;250—**Proceedings for forfeiture of automobile may be brought under Internal Revenue Act if evasion of tax is charged, but if unlawful transportation, then under Prohibition Act.**

Libel to enforce forfeiture of automobile may, under Willis Campbell Act, supplemental to Prohibition Act approved November 23, 1921, be maintained under Rev. St. § 3450 (Comp. St. § 6352), if used in removal or for deposit and concealment of goods subject to tax and for purpose of avoiding tax, though if charge is merely that of unlawful transportation, not involving evasion of tax, proceedings must be

maintained under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm).

**5. Internal revenue ☞46 — Government has burden of proving transportation of liquor was for purpose of evading tax.**

Government, seizing and seeking to enforce forfeiture of automobile, under Rev. St. § 3450 (Comp. St. § 6352), has burden of proving that liquor transported therein was so transported with intent to defraud United States of tax.

**6. Internal revenue ☞46—Libel against automobile held not subject to motion to dismiss, which in effect admitted facts and pleadings.**

Where libel against automobile alleged its use to defraud government of tax on liquors conveyed, *held*, proceeding was maintainable under Rev. St. § 3450 (Comp. St. § 6352), on facts alleged, and that motion to dismiss, which in effect admitted facts and pleadings, could not be sustained.

Libel by the United States against one Bay State roadster. On motion to dismiss and petition to return car. Motion and petition dismissed.

John J. Danaher, Asst. U. S. Atty., of Hartford, Conn.

John J. Sullivan, of New Haven, Conn., for defendant.

THOMAS, District Judge. On March 4, 1924, the government filed a libel against one Bay State roadster, in which it alleged, inter alia, that the motor vehicle described was "used for the purpose of carrying goods and commodities in respect whereof a tax is imposed, under the internal revenue laws of the United States of America, said tax not having been paid on account of said goods and commodities," and that said motor vehicle, as a conveyance, was "used * * * to convey * * * intoxicating spirits in respect whereof a tax is imposed under the internal revenue laws of the United States, said tax not having been paid upon said goods, and said goods and commodities being then and there deposited in said Bay State roadster as a conveyance, with the intent to defraud the United States of said tax."

The libelant alleges that, because of the above allegations, the automobile "is subject to a libel to seizure and forfeiture as provided in section 3450, Revised Statutes," and prays that this court may "judge and decree that said automobile be seized and forfeited."

On April 12, 1924, Conner and Haase, who, it is alleged, were driving the car at the time it was arrested, and one Kerner, the original vendee of the car, filed answers, denying all of the allegations of the libel. On March 8, 1924, the receiver of the R. H. Long Company, duly appointed by the District Court of Massachusetts, filed his petition, praying for the delivery of the car to him as receiver, as the one entitled to its possession.

By a petition executed on March 14, 1924, the R. H. Long Company, the original vendor, after setting up the facts of the conditional sale and the amount of its interest in the car, prayed for its return, or that it be sold by order of court, and the proceeds, to the extent of its lien, be paid to the petitioner. This petition, which was apparently drawn to comply with the rules laid down in Sylvester v. United States (D. C.) 273 F. 253, was not filed until May 27, 1924.

On May 3, 1924, the R. H. Long Company, by its attorney, filed exceptions to the libel and a motion to dismiss. As the receiver had previously been appointed, it is assumed that the exceptions and motion to dismiss were filed in behalf of the receiver.

Various allegations are made in the exceptions and motion as the basis for the dismissal, but they may be briefly epitomized as follows:

(1) Section 26 of the National Prohibition Act covers every illegal transportation of liquor, and provides for seizure and forfeiture of vehicles used in illegally transporting liquor, and the remedy and procedure herein provided is exclusive.

(2) The automobile in question is not subject to condemnation under section 3450 of the Revised Statutes, because said section was repealed by the National Prohibition Act, in so far as it authorized the seizure and forfeiture of vehicles used in illegally transporting liquor, and because section 26 of that act supersedes section 3450 of the Revised Statutes.

Other allegations appear, but it is unnecessary to discuss them, as they are not material to the question of law here presented. So the matter is now before the court on the exceptions and the motion to dismiss the libel.

[1] Since the motion to dismiss the libel admits, as did demurrers under the former system of pleading, the allegations of fact well pleaded, it must necessarily follow that, if the libel is drawn in conformity with the provisions of section 3450, Revised Statutes (Comp. St. § 6352), and if that section is now in full force and effect, the exceptions must be overruled, and the motion to dismiss denied.

The pertinent parts of section 3450, Revised Statutes, provide as follows:

"Whenever any goods or commodities for or in respect whereof any tax is or shall be

imposed * * * are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities * * * respectively, shall be forfeited; and in every such case * * * every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. * * * "

The government contends, for reasons which will hereafter appear, that, though section 3450 was, in effect, held to be repealed by the National Prohibition Act, in United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, decided June 1, 1921, the old revenue law has since, by appropriate legislation and decisions interpreting that legislation, been revived, and that when a libel is filed under the provisions of that statute any motor car used for the purposes set forth in that statute is subject to seizure and absolute forfeiture, even if the owner or conditional vendor or mortgagee are entirely innocent of the wrongful and illegal use made of the automobile.

This contention is based upon three grounds:

(A) The provisions of section 3450 of the Revised Statutes;

(B) The Willis Campbell Act, entitled "An act supplemental to the Prohibition Act," passed by the Congress and approved November 23, 1921; and

(C) The decisions of the Supreme Court of the United States, in Goldsmith-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376, sustaining the constitutionality of section 3450, and the decision of the Supreme Court in United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358, holding that the revenue laws were revived by the Supplemental Prohibition Act of November 23, 1921, as to conduct subsequent to its enactment, and that Congress may tax what it also forbids."

On the other hand the petitioner contends that while, prior to the enactment of the National Prohibition Act, an automobile used in the unlawful transportation of intoxicating liquor, on which the tax had not been paid, would have been subject to seizure and forfeiture under section 3450 of the Revised Statutes, that, since the passage of the National Prohibition Act, section 26 of title 2 of that act (Comp. St. Ann. Supp. 1923, § 10138½mm) provides for the seizure and forfeiture of vehicles used in the illegal transportation of liquor and that the reme-

dy and procedure set forth in section 26 are exclusive.

In support of this contention the petitioner cites and relies upon a long line of decisions in the federal courts, and it must be noted that most of them were decided anterior to the passage of the Supplemental Act and the Stafoff decision. Some cases cited and relied upon by the petitioner were decided since the date of the passage of the act on November 23, 1921 (42 Stat. 222), but make no reference to that act; so I conclude that the Supplemental Act was not called to the attention of the courts when the question was presented. But at the expense of repeating, and in order that this question may be definitely settled, in this district at least, I deem it necessary to make reference to some of the cases relied upon by the petitioner, but, before doing so, a brief statement of the facts disclosed is necessary:

It appears from the record, and the facts are not disputed, that the Long Company was engaged in buying and selling automobiles, and was located in Framingham, Mass.; that on November 18, 1922, it sold to one Kerner the Bay State roadster here involved, on a conditional bill of sale; and that it has a bona fide lien on the car for $695.42 and that the car is not worth that amount to-day. It also appears that the illegal use of the automobile was without knowledge of the company, or of any of its officers, nor did it or they have any notice or reason to suspect that it would be illegally used.

The automobile was seized while it was transporting liquors in violation of law, and was being operated at the time of the seizure by two men unknown to the petitioner, who, after trial in the state court, were acquitted, and have never been presented in this court, charged with a violation of law.

In United States v. One Haynes Automobile (D. C.) 268 F. 1003, affirmed by the Circuit Court of Appeals, 274 F. 926, Judge Call held that the Volstead Act (title 2, § 26) repealed section 3450 so far as it applied to distilled spirits, notwithstanding section 35, title 2 (Comp. St. Ann. Supp. 1923, § 10138½v), and at the same time directed attention to the cases supporting his conclusion, as well as to those which held contra. It is to be noted that Judge Call's decision and those just referred to were rendered in 1920, and at a time when different courts were differently construing the provisions of the act. Just prior to Judge Call's decision it was held by Judge Faris in United States

v. Stafoff, 268 F. 417, that on account of the inconsistency between the provisions of the so-called revenue statutes and the National Prohibition Act the rule of repeal by implication applied especially where the punishment imposed by the later statute is less than that imposed by the earlier, and at page 418 he said:

"Section 35, tit. 2, of the Volstead Act, provides that all existing statutory provisions which are not inconsistent with the provisions of the Volstead Act are not to be held as repealed thereby, but to be additions to such act. Conversely, it follows that there is a repeal of all former existing laws when such former laws are inconsistent."

Judge Neterer decided, in The Goodhope, 268 F. 694, that a boat used to unlawfully import liquor was forfeitable only under the provisions of section 26 of the National Prohibition Act, and that this remedy is exclusive as to intoxicating liquors, thereby holding, in effect, that section 3450 was impliedly repealed by the National Prohibition Act. This case was also decided late in 1920.

In United States v. Sylvester (D. C.) 273 F. 256, brought under the provisions of section 26, National Prohibition Act, and decided on March 8, 1921, this court held that Congress, in enacting the National Prohibition Act (title 2, § 26), intended to penalize the wrongdoer, and to protect the rights of innocent persons in the vehicle unlawfully used. It was there held that, where there was no knowledge on the part of the conditional vendor of the illegal using of the motor, and if there existed a valid lien on the automobile which was used unlawfully by another, the innocent conditional vendor would be protected in his lien or interest in the vehicle as far as possible. This was cited with approval by the Circuit Court of Appeals, Ninth Circuit, in Jackson v. United States, 295 F. 620, decided January 7, 1924.

On July 25, 1921, the Circuit Court of Appeals, Fifth Circuit, decided United States v. One Haynes Automobile, 274 F. 926, and on page 927 Judge King said: "It is not, therefore, to be assumed that Congress intended to provide for the forfeiture of vehicles under section 26 of the Volstead Act, with its provisions for preserving the rights of third persons, and still leave them subject to be forfeited under the more drastic provisions of Revised Statutes; § 3450"— and affirmed the ruling of Judge Call in the court below, so it was very generally held that such was the status of the law at that time.

United States v. Yuginovich was decided by the Supreme Court on June 1, 1921, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043. By this decision it was definitely settled that the revenue laws, speaking with reference to those which conflicted with the provisions of certain sections of the National Prohibition Act, were superseded by the National Prohibition Act, in so far as they concerned the production of intoxicating liquor for beverage purposes.

On April 14, 1922, the Circuit Court of Appeals for the Sixth Circuit decided Lewis v. United States, 280 F. 5. There it was also held that section 3450 was impliedly repealed by sections 26 and 35 of the National Prohibition Act, so far as vehicles were concerned which were used in transporting intoxicating liquor intended for beverage purposes. Judge Denison discusses with precision and thoroughness the principle and policy of the former revenue statutes as well as the National Prohibition Act. He analyzes many of the leading decisions rendered, including United States v. Yuginovich, supra, and Goldsmith-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376. He reached the conclusion that the National Prohibition Act impliedly repealed section 3450, and based the conclusion of the court on several grounds, and holds, among others, that, as it is a later act and provides a different and lesser punishment for the same offense, it is repealed by implication; but for some reason which is not apparent, no reference is made by Judge Denison to the Act of November 23, 1921, c. 134, § 5 (Comp. St. Ann. Supp. 1923, §§ 10138⅘c–10138⅘e), which is entitled "An act supplemental to the Prohibition Act." It is also to be noted that the decision of the Supreme Court in the Stafoff Case was rendered January 2, 1923, and some time after Judge Denison decided the Lewis Case. Prior to the passage of the Supplemental Act the views expressed by Judge Denison, as well as those found in many other jurisdictions, including Connecticut, clearly expressed the law to the effect that section 3450, Revised Statutes, in such cases as present facts similar to the one at bar, was repealed and did not apply.

In United States v. One Paige Automobile et al. (D. C.) 277 F. 524, decided January 7, 1922, it was held by Judge Hutcheson, substantially as in the cases previously mentioned, to the effect that proceedings to forfeit vehicles engaged in the unlawful transportation of intoxicating liquors must be brought under the National Prohibition Act.

To the same effect is One Ford Touring Car v. United States, 284 F. 823, decided by the Circuit Court of Appeals, Eighth Circuit on October 21, 1922, but no reference is therein made to the effect of the Supplemental Act of November 23, 1921.

Counsel for petitioner cites Jackson v. United States (C. C. A.) 295 F. 620, in support of his claims; but if the case had had careful reading it would appear that it was similar to the Sylvester Case, supra, and involved or affected only the rights of a bona fide lienor, where the offender was charged with illegal transportation under the National Prohibition Act, and was not brought under the provisions of section 3450, charging failure to pay the tax due with intent to defraud the United States.

In Goldsmith-Grant Co. v. United States, supra, the Supreme Court holds that, even if the innocent conditional vendor lacks knowledge of the wrongful act, there is nevertheless a complete forfeiture. It was there held that the statute treats the thing as the offender, and that section 3450 does not violate the Fifth Amendment to the Constitution of the United States. On page 511, Mr. Justice McKenna said:

"But whether the reason for section 3450 be artificial or real, it is too firmly fixed in the punitive and remedial jurisprudence of the country to be now displaced. Dobbins' Distillery v. United States, 96 U. S. 395, is an example of the rulings we have before made. It cites and reviews prior cases, applying their doctrine and sustaining the constitutionality of such laws. It militates, therefore, against the view that section 3450 is not applicable to a property whose owner is without guilt. In other words, it is the ruling of that case, based on prior cases, that the thing is primarily considered the offender."

So the question now is: What bearing has the Supplemental Act to the case at bar, and what shall be the interpretation of the law in the light of the amendment passed November 23, 1921, together with the decisions of the Supreme Court in the Goldsmith-Grant Case, decided January 17, 1921, and the Stafoff Case, decided January 2, 1923?

Section 5 of the act supplemental to the National Prohibition Act (chapter 134, 42 Stat. 222, 223), provides as follows:

"All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act."

How does this Supplemental Act affect the seizure of vehicles and other carriers with respect to illegal transportation of prohibited liquors, and is section 3450 thereby revived, or is it inconsistent with the National Prohibition Act, within the meaning and intent of Congress, and thereby repealed?

The effect of the Supplemental Act has been judicially determined, in part at least, by the Supreme Court of the United States in the Stafoff Case, and its ruling is binding. Stafoff was indicted for having in his possession a still intended for the production of distilled beverages, without having registered it in accordance with Revised Statutes, § 3258 (Comp. St. § 5994), and in a second count for having manufactured a mash fit for the production of whisky, contrary to section 3282 (Comp. St. § 6022). In the District Court of Missouri a demurrer to the indictment was sustained.

[2] The decision of Judge Faris is predicated upon the well-established principle that, when a later statute, covering an offense punishable under an earlier law, provides another or lesser punishment for the same offense, it therefore impliedly repeals the earlier statute. Convincingly Judge Faris demonstrated that no person ought to be liable to punishment for the same act under two different criminal statutes, and that where such a situation arises the later statute enacted should govern. Prior to November 23, 1921, this was the prevailing rule.

When the Stafoff Case reached the Supreme Court, Mr. Justice Holmes, referring to the Supplemental Act, said on page 480 (43 S. Ct. 199):

"The decision in United States v. Yuginovich must stand for the law before November 23, 1921. In that case, besides what we have mentioned, it was held also that the penalty imposed by Rev. Stats. § 3257, on a distiller for defrauding the United States of the tax on the spirits distilled by him was repealed. So far as the liquor is for beverage purposes the same reasoning must apply to the penalty in section 3242 for carrying on the business of rectifier or wholesale or retail liquor dealer without having paid the special tax imposed by law. But the Supplemental Act that we have quoted puts a new face upon later dealings. From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it

had enacted them in terms. The form of words is not material when Congress manifests its will that certain rules shall govern henceforth. Swigart v. Baker, 229 U. S. 187, 198. Of course Congress may tax what it also forbids. 256 U. S. 462. For offenses committed after the new law, United States v. Yuginovich cannot be relied upon."

[3] The conclusion there reached holds that the law in the Yuginovich Case, supra, is no longer applicable to acts committed subsequent to the enactment of the Supplemental Act. The laws that the National Prohibition Act repealed, expressly or impliedly, are held to be revived as to conduct subsequent to the enactment of it, if not inconsistent therewith. But the Stafoff Case does not specifically relate to section 3450, nor does it determine that this latter section is not inconsistent with the National Prohibition Act, so that the Stafoff decision is helpful only in so far as it narrows the question to be decided to this: Is there an inconsistency between the provisions of the National Prohibition Act and section 3450 of the revenue laws, in so far as the forfeiture of the means of transportation is concerned? If there is, the provisions of the National Prohibition Act apply; otherwise, the old revenue laws are effective. In other words, the Stafoff decision does not interpret the effect of the Supplemental Act of November 23, 1921, upon the seizures provided for in section 3450, nor does it decide whether or not the National Prohibition Act sufficiently covers the situation with reference to seizures. Some decisions of the District Courts have been rendered subsequent to the Stafoff decision, and the reasoning adopted by these courts, to which reference will be made, seems sound, and should be adopted here and govern this as well as future cases until the question is settled by the Circuit Court of Appeals for this circuit, or by the Supreme Court of the United States.

In United States v. One Ford Automobile (D. C.) 292 F. 207, decided August 13, 1923, there was a libel filed by the United States under section 3061 and section 3062 of the Revised Statutes, and commonly known as the customs laws (Comp. St. §§ 5763, 5764). The intervention was filed by the holder of a mortgage lien on the vehicle used in transporting liquor from Mexico to the United States, without submitting to inspection. The allegations of a valid lien, and lack of knowledge of the illegal use of the automobile, were conceded by the government. The intervener contended that section 26 of the National Prohibition Act superseded the customs statute. The opinion refers to the Willis Campbell Act (42 Stat. 222), known as the "Act of November 23, 1921, supplemental to the National Prohibition Act," and proceeds to discuss the proposition involved in view of the Supplemental Act and the 1922 Tariff Act (42 Stat. 858). In construing the Supplemental Act, Judge Hutcheson says, on page 210:

"Examining the question here in the light of these rules, I think it must be conceded that the intention of Congress has now been plainly manifested to in no manner limit or affect the enforcement of any statutes applicable in their terms, whether passed under the theory of customs regulations, or internal revenue legislation, unless and except in the very precise point wherein these acts differ from the National Prohibition Act, and that it has clearly expressed its purpose to make effective all of the statutes not expressly repealed, where by their terms they are capable of being given effect."

It should be noted, however, that Judge Hutcheson, on page 211, made the following observation:

"It is proper here to say that had the facts in this case shown *mere unlawful transportation and possession,* no presumption could be indulged, from the mere fact of the liquors being foreign liquors, that they had been unlawfully imported, and the forfeiture would have had to be declared under the Prohibition Act."

In The Cherokee (D. C.) 292 F. 212, decided the same day as the above-mentioned Ford Case, Judge Hutcheson expressly says that section 3450, prior to the passage of the Supplemental Act, was superseded by the National Prohibition Act. He also holds that the Supplemental Act must be construed to mean that section 3450 has been revived. While he granted a decree of forfeiture of the vessel, he based his conclusion, as expressed on page 215, on the ground that:

"The passage of the Willis Campbell Act, making the intention of Congress plain that section 3450 is not repealed or superseded, and the definite and clear admissions of the stipulations in this case as to the fact of concealment in the vessel in order to avoid the tax, section 3450 is applicable to this case, and that the Government is entitled to a forfeiture under it."

He concludes as follows:

"I am of the opinion * * * that section 26 properly interpreted may be given application to those cases where the seizure is made because of the offense of transporting or possessing liquor, and that, where that is the only ground of the seizure alleged

or proved, section 26 is controlling. That, where the seizure is made on other grounds, and those grounds are established by proof, the government has the right to invoke the forfeiture provided in the statutes controlling those grounds, and section 26 cannot be relied upon for protection."

It thus appears that the conclusion was reached respecting the decree of forfeiture because of the admission made by the petitioner "that the taxes due on the liquor were unpaid, and said cargo was being transported and concealed on said vessel to avoid payment of same."

[4] Therefore, as it appears to me, the real test and the deciding factor in each case will be whether or not the government brings the car within the provisions of section 3450. Were the goods liable to a tax? Were they removed, or deposited, or concealed with intent to defraud the United States of such tax within the purview of the provisions of section 3450? If the answer be in the affirmative, the vehicle is subject to forfeiture, as section 3450 applies in such a case, and if the answer be in the negative, and the charge is one of unlawful transportation, then section 3450 does not apply and the proceedings should be under the provisions of section 26 of the National Prohibition Act.

On May 9, 1923, Judge Dooling decided United States v. One Kissel Touring Automobile (D. C.) 289 F. 120, and held that in order to make out a successful forfeiture of a vehicle used in the removal or for the deposit or concealment of any article upon which a tax is imposed with intent to defraud the Government of such tax, that the article in question must have been deposited or concealed with the intent to defraud the government of the tax imposed on them, and that the burden of proving such intent is on the government.

To paraphrase what Judge Dooling said, it is fair here to say that the trouble arises from an endeavor to fit a law passed in 1866 to delinquencies created by the National Prohibition Act passed over 50 years later. Section 3450 sets forth words which clearly indicate its purpose when it provides: "Whenever any goods * * * in respect whereof any tax is * * * imposed * * * are removed, or are deposited or concealed * * * with intent to defraud the United States of such tax," etc. The forfeiture penalty of the means of removal, deposit, or concealment was inserted so as to absolutely insure the revenue of the government, and make any attempt to avoid it pun-

ishable by the absolute forfeiture of the "vehicle" which is the means used for the purpose of evading the tax.

In the Kissel Car Case, supra, Judge Dooling cited United States v. One Ford Truck (D. C.) 286 F. 204, where a distinction is pointed out between the words "removal" and "removed," as used in section 3450, and where it was held that they are not synonymous with "transportation" or "transported," and where it was pointed out that the words have "reference to the removal from some definite place where the unpaid tax is due, and where it should be paid before the taxed articles are taken therefrom." Judge Dooling further, on page 122, said:

"But it requires more to warrant the forfeiture of the automobile than the deposit or concealment of the drugs therein. They must be so deposited or concealed with intent to defraud the United States of the tax imposed on them, and the burden is upon the government to show that such was the intent."

He shows clearly that possession of the prohibited articles was unlawful, and, if payment was offered to the tax department by disclosure of the contents of the vehicle, it would, of course, be refused, and the person offering would not be permitted to pay it, but would be arrested and the vehicle seized. The concealment was because of the knowledge of the unlawful business, and was not based upon any attempt to avoid payment of the tax. It seems clear, therefore, that section 3450 does not provide for a forfeiture of a vehicle used in transportation unless an intent is also shown to avoid the payment of the tax.

This ruling is in conformity with the decision of Judge Lindley in United States v. One Cadillac Automobile (D. C.) 292 F. 773. He held, in effect, that section 3450 and all former revenue laws, in view of the Supplemental Act and the Stafoff decision, are expressly re-enacted, except where in direct conflict with the National Prohibition Act.

[5] If the seizure is made under section 3450, the burden of proof is upon the government, and it must be prepared to show that the liquor is being transported with intent to defraud the United States of a tax, and it is important that this burden be sufficiently discharged upon trial on the issues raised by the denial of the allegations of the libel. See Hester v. United States (C. C. A.) 284 F. 487; Dukes v. United States (C.

C. A.) 275 F. 142; United States v. One Studebaker Automobile (D. C.) 298 F. 191.

In connection with the general subject-matter see United States v. 385 Barrels, etc., of Wine (D. C.) 300 F. 565, and United States v. One Buick Automobile (D. C.) 300 F. 584. In the latter case it was held that:

"The provisions of Rev. St. § 3450 (Comp. St. § 6352), for forfeiture of conveyances used in the removal or for concealment of articles with intent to defraud the United States of a tax due thereon, are applicable only where a taxable article is removed from one place to another, or concealed, for the purpose of evading payment of the tax, and cannot be applied to the mere transportation of illicit liquor in violation of the Prohibition Act, unless the circumstances warrant a fair and reasonable inference that there was also an intent to defraud the United States of the tax payable on such liquor by the manufacturer thereof."

On page 588, Judge Bledsoe said:

"I am persuaded, therefore, from a careful consideration of the section, induced no less by a study of its terms than from a consideration of the context and of the apparent intention of Congress in enacting it, that it was not intended, and may not be made, to apply to a mere transportation of liquor, made unlawful by the prohibitive provisions of the National Prohibition Law, unless there be also present in the circumstances connected with the transaction that which could justify the court in indulging in the fair and reasonable inference that there was 'an intent to defraud the United States' of the tax payable upon such liquor."

The rule under section 3450 is harsh, but it is none the less the law, in view of the Act of Congress of November 23, 1921, and the Stafoff decision.

[6] As to the instant case, it appears that the petitioner has filed exceptions to the allegations of the libel, a motion to dismiss, and a petition for the return of the car. But, as already noted, the exceptions and motion to dismiss admit the facts in the libel which are well pleaded, and have the same legal effect as a demurrer. The libel alleges all the facts required by section 3450 to be pleaded, to bring the case within its purview, and, the exceptions and motion to dismiss having admitted them, it follows that the exceptions must be overruled; the motion to dismiss and the petition for the return of the car must be denied. Answers denying all the allegations of the libel having been filed, the case is at issue.