## UNITED STATES v. ONE CHEVROLET TRUCK et al.

(District Court, W. D. Washington, N. D. March 23, 1925.)

No. 8976.

1. **Internal revenue ☞46—Truck used in removal of liquor with intent to evade payment of tax held subject to forfeiture.**

Under Rev. St. § 3450 (Comp. St. § 6352), a truck used in removal from a dock of liquors imported in violation of law, and on which no tax had been paid, with intent to evade payment of any tax thereon, is subject to forfeiture, without regard to its ownership or to the knowledge of the owner or lienholders of its illegal use.

2. **Internal revenue ☞46 — Forfeiture of truck used in removing liquor with intent to defraud the United States of tax due thereon not affected by indictment of driver under National Prohibition Act.**

The fact that the driver of a truck used in removing liquor with intent to defraud the United States of the tax due thereon has been indicted for conspiracy to violate, or for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), is no defense to a suit for forfeiture of the truck, under Rev. St. § 3450 (Comp. St. § 6352).

Proceeding by the United States against one Chevrolet truck, motor No. MG11535, Washington license No. 388059, model No. 6D2624, etc., and James Curry. Decree for forfeiture of truck.

Forfeiture of automobile is sought under section 3450, R. S. (Comp. St. § 6352). It is alleged in substance that on the 22d day of October, 1924, "* * * * at a point about five miles southeast of the city of Anacortes, * * * and before said seizure, the said property * * * was * * * used in the removal and for the deposit and concealment of a large quantity of distilled spirits, to wit, whisky and gin, * * * with intent to defraud the United States of the tax thereon, the said distilled spirits then and there being a commodity for which * * * a tax theretofore had been and then was imposed by the laws of the United States, which tax had not been paid."

Claim is made and answer filed by the First National Bank of Renton, alleging that the truck, etc., was held under a conditional sales contract assigned to the bank for value, upon which $639.32, together with interest, was unpaid and defaulted; that neither the grantor of said motor truck nor this bank had any knowledge or notice prior to the seizure that the same was used in violation of laws of the United States; that neither the grantor of the truck nor the bank, the holder of the conditional sales contract, knew that Curry was using the said truck. Upon the trial, the conditional sales contract was proven, together with the unpaid amounts and default, and assignment to the bank, and no knowledge on the part of the bank of the use to which the truck was devoted; that on the date named the driver of the truck was apprehended while transporting liquor in the truck on the highway out from the city of Anacortes. He was arrested and the truck seized. The testimony shows that this liquor was loaded on a truck from the dock at Anacortes, and that no tax of any character has been paid, either under the Tariff Act or Internal Revenue Act. Curry, in charge of the truck, stated that the liquor, 64 cases, had been removed from a boat and had been "brought from across the line."

J. W. Hoar, Asst. U. S. Atty., of Seattle, Wash.

Grinstead, Laube & Laughlin and Thomas E. Davis, all of Seattle, Wash., opposed.

NETERER, District Judge (after stating the facts as above). [1] The court judicially knows that an indictment has been returned against James Curry, who was in charge of the truck, and others, charging conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Section 3450, R. S. (Comp. St. § 6352), has application where goods are removed, deposited, or concealed with intent to defraud the United States of the tax provided by law. The clear inference also is that this liquor was fraudulently brought into the United States. It was imported in violation of law. No tax has been paid. See sections 5986e and 5980o(12), Comp. St. Ann. Supp. 1919; section 5841a, schedule 8, Comp. St. Ann. Supp. 1923, Tariff Act 1922. See, also, U. S. v. One Ford, etc. (D. C.) 2 F.(2d) 882; U. S. v. One Bay State Roadster (D. C.) 2 F.(2d) 616; U. S. v. One Ford, etc. (D. C.) 3 F.(2d) 64.

Section 3450, supra, has application to any tax due and unpaid. It provides: "Whenever any goods * * * for or in respect whereof any tax is * * * imposed * * * are removed * * * with intent to defraud the United States of such tax * * * shall be forfeited * * * and * * * every * * * conveyance * * * used in the removal * * * thereof * * * shall be forfeited." No tax had been paid. The removal upon the automobile truck from the wharf at Anacortes is a clear attempt to evade the payment of the tax and to defraud the United States of the taxable revenue.

[2] The fact that indictment has been returned for conspiracy to violate the National Prohibition Act would not preclude guilt of the defendant of violating the revenue law. U. S. v. Haynes Auto (C. C. A.) 274 F. 926, Reed v. Thurmond (C. C. A.) 269 F. 252, Lewis v. U. S. (C. C. A.) 280 F. 5, and Ford Touring Car v. U. S. (C. C. A.) 284 F. 823, have no application. The fact that Curry, the driver, was arrested and charged with conspiracy to violate the National Prohibition Act does not exempt the truck from violating the law by removing the liquor with intent to deprive the United States of the revenue assessed and not paid. Under such a state of facts and law the offending vehicle is forfeited, irrespective of ownership, interest, or notice of mortgagees or title owners under conditional sales contract.